MRS. TEMPIE AYCOCK, Widow and Dependent of W. H. AYCOCK, a Deceased Employee, v. GEORGE H. COOPER.

(Filed 6 April, 1932.)

1. **Master and Servant F a—Workmen's Compensation Act does not apply to business hiring less than five regular employees.**

The North Carolina Workmen's Compensation Act provides that it shall not apply to employers and employees where there are less than five employees regularly employed in the business within this State unless the employer and employees shall elect to be bound by the act. N. C. Code of 1931, 8081(u).

**2. Same—Evidence held insufficient to support finding that employer hired as many as five employees in the business.**

Where, in a proceeding under the Workmen's Compensation Act to recover compensation for the death of a deceased employee, the evidence fails to show an election by the employer and employees to be bound by the act, and upon appeal to the Superior Court from an award by the Industrial Commission, the court finds from the evidence that the employer owned a planing mill and a wood or wagon shop, on adjoining land, one operated by steam and the other by electricity, but that they were operated as separate and distinct businesses, each with a distinct patronage, and without connection with each other, that the deceased employee was employed in the planing mill only, and that there were less than five employees regularly in service in the planing mill: *Held*, the evidence is insufficient to support the jurisdictional finding of the Industrial Commission that the employer had as many as five employees in the same business, and there is no error in the judgment of the Superior Court dismissing the proceeding on the ground that the Industrial Commission was without jurisdiction.

**3. Master and Servant F i—Jurisdictional findings of fact by Industrial Commission are reviewable by Superior Court on appeal.**

Where the Industrial Commission has jurisdiction of a proceeding for compensation under the Workmen's Compensation Act, its findings of fact supported by any sufficient evidence, with respect to whether an injured employee is entitled to compensation and, if so, the amount, are conclusive upon the parties and upon the Superior Court on appeal, but the findings of fact of the Industrial Commission upon which its jurisdiction is based are not conclusive on the Superior Court, and upon appeal to it the court has the power to approve, modify or set aside such findings in accordance with the findings of the court from all the evidence appearing in the record. N. C. Code, 8081(pp).

APPEAL by the dependent of the deceased employee from *Harris, J.,* at August Term, 1931, of FRANKLIN. Affirmed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was first heard by Commissioner Dorsett, on 24 January, 1930, at Louisburg, N. C.

At this hearing it was agreed by the parties to the proceeding that at the date of his death, to wit: 31 December, 1929, W. H. Aycock was an employee of George H. Cooper, at his planing mill in the town of Louisburg, N. C.; that the death of said employee was the result of an accident which arose out of and in the course of his employment; and that the claimant is the dependent of the deceased employee, as defined in the North Carolina Workmen's Compensation Act.

The employer, George H. Cooper, contended at said hearing that he was not bound by the provisions of the North Carolina Workmen's Com-

pensation Act, for the reason that he did not have in his employment, at the date of the death of his deceased employee, as many as five employees at his planing mill, and that he had not voluntarily elected to be bound by the provisions of said act. Upon these contentions, the said employer denied that the North Carolina Industrial Commission had jurisdiction of the proceeding, and contended that the same should be dismissed.

Commissioner Dorsett heard the evidence and on the facts found by him held that the Commission had jurisdiction of the proceeding, for the reason that the employer had in his employment in the business in which the deceased employee was employed at the date of his death, as many as five employees. He awarded compensation to the dependent of the deceased employee, and directed that the employer pay the same to her. The employer appealed to the full Commission. Upon the hearing of this appeal, the findings of fact and conclusions of law made by Commissioner Dorsett were approved, and his award affirmed. The employer appealed from the award of the full Commission to the Superior Court of Wake County. Upon the hearing of this appeal, the court found from the evidence certified to it by the Commission, and appearing in the record, that at the date of the death of his employee, W. H. Aycock, the employer, George H. Cooper, did not have in his employment, in the business in which his deceased employee was employed, as many as five persons, and on this finding of fact held that the North Carolina Industrial Commission did not have jurisdiction of this proceeding.

From judgment dismissing the proceeding, the dependent of the deceased employee appealed to the Supreme Court.

*O. B. Moss and Edward F. Griffin for appellant.*
*Yarborough & Yarborough and Biggs & Broughton for appellee.*

CONNOR, J. The North Carolina Workmen's Compensation Act, by its express provisions, does not apply to casual employees, farm laborers, or Federal Government employees in North Carolina; nor does it apply "to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, unless such employees and their employer voluntarily elect, in the manner hereinafter specified, to be bound by the act." N. C. Code of 1931, section 8081(u), (b). Section 14, chapter 120, Public Laws of North Carolina, 1929. In the absence of an election by both employer and employee to be bound by its provisions, the act applies only to employers, who have in their service, in the same business within this State, as many as five employees. In the instant case, there was no evidence tending to show

that the employer and his deceased employee had elected to be bound by the provisions of the act. The North Carolina Industrial Commission, therefore, had no jurisdiction of this proceeding for compensation to be paid by the employer to the dependent of his deceased employee, under the provisions of the act, unless the employer had regularly in his employment, at the date of the death of his employee, and in the business in which said employee was employed, as many as five employees.

The North Carolina Industrial Commission found from the evidence at the hearing before Commissioner Dorsett, as a jurisdictional fact, that at said time, the employer had as many as five employees in the same business as that in which the deceased employee was employed. On this finding, the Commission held that it had jurisdiction of the proceeding, and on the facts admitted, awarded compensation to the dependent of the deceased employee. At the hearing of the employer's appeal from the award of the full Commission, the Superior Court of Franklin County, found from the evidence that the employer did not at any time from the date at which the North Carolina Workmen's Compensation Act became effective to the date of the accidental injury which resulted in the death of the employee, have regularly in his employment at the planing mill, at which the deceased employee was employed, as many as five employees, but that he did have in his employment at the planing mill as many as four employees; that the employer had in his employment during said time at the wood or wagon shop owned and operated by him two and at times three employees; that the deceased employee was not employed to work and did not work at any time in the wood or wagon shop, but worked only at the planing mill. The planing mill at which the deceased employee was employed is located in a shed which adjoins the building in which the wood or wagon shop owned and operated by George H. Cooper, is located. The planing mill and the wood or wagon shop are both owned and operated by George H. Cooper, but are operated as separate and distinct businesses. The planing mill is operated by steam, while the wood or wagon shop is operated by electricity. Each business has a separate and distinct patronage. Neither is operated in any respect in connection with the other.

It is provided in the North Carolina Workmen's Compensation Act that the award with respect to compensation under the provisions of said act, by a member of the North Carolina Industrial Commission, if not reviewed in due time by the full Commission, or the award of the full Commission, upon such review, shall be conclusive and binding as to all questions of fact. Either party to a dispute which has become the

subject-matter of a proceeding before the North Carolina Industrial
Commission, for compensation under the provisions of the North Caro-
lina Workmen's Compensation Act, may appeal from the award of said
Commission in said proceeding, to the Superior Court of the county in
which the accident resulting in injury to the employee happened, or in
which the employer resides or has his principal office, for errors of law
under the same terms and conditions as govern appeals in ordinary civil
actions. N. C. Code of 1931, section 8081 (pp); section 60, chapter
120, Public Laws of North Carolina 1929. The courts of this State,
since the enactment of the North Carolina Workmen's Compensation
Act, have uniformly applied this statutory provision with respect to
questions of fact involved in a proceeding of which the North Carolina
Industrial Commission had jurisdiction, and have held that in such
proceedings, where there was evidence of sufficient probative force to
support the findings of fact made by the Commission, notwithstanding
there was evidence to the contrary, such findings of fact are conclusive
and binding, not only on the parties to the proceeding, but also, where
either party has appealed from the award of the Commission to the
Superior Court, on said court. In such case, the Superior Court has
power to review the award of the Commission only as to errors in
matters of law appearing in the proceeding. *Cabe v. Parker-Graham-
Sexton, Inc., ante,* 176, *Dependents of Pool, deceased, v. Sigmon, ante,*
172, *Williams v. Thompson,* 200 N. C., 463, *Moore v. State,* 200 N. C.,
300, *Southern v. Cotton Mills,* 200 N. C., 165, *Rice v. Panel Company,*
199 N. C., 154.

In the instant case, we are of opinion that there was no evidence
sufficient to support the findings of fact made by Commissioner Dorsett,
and approved by the full Commission, upon which the Commission con-
cluded that it had jurisdiction of this proceeding. To the contrary, all
the evidence shows that George H. Cooper, the employer, did not have
in his employment in the business in which his deceased employee was
employed, at the time of his death, as many as five employees. For this
reason, there was no error in the judgment of the Superior Court,
dismissing the proceeding.

If, however, it be conceded that there was evidence tending to support
the findings of fact on which the Commission concluded that it had
jurisdiction of the proceeding, and also that there was evidence to the
contrary, tending to support the findings of fact by the Superior Court
on which the said court held that the Commission did not have juris-
diction of the proceeding, the question presented for decision by this
appeal is, whether the findings of fact made by the Commission were
conclusive and binding on the Superior Court, and therefore not subject

to review on the appeal to said court. This question, we think, manifestly, must be answered in the negative. The question has not heretofore been presented to this Court, and we, therefore, have no decision which may be cited as an authority, but both a proper construction of the language of the statute, and well-settled principles of law lead us to the conclusion that where the jurisdiction of the North Carolina Industrial Commission to hear and consider a claim for compensation under the provisions of the North Carolina Workmen's Compensation Act, is challenged by an employer, on the ground that he is not subject to the provisions of the act, the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the Superior Court, and that said court has both the power and the duty, on the appeal of either party to the proceeding, to consider all the evidence in the record, and find therefrom the jurisdictional facts, without regard to the finding of such facts by the Commission. A contrary holding might present a serious question as to the validity of the statutory provision with respect to the effect of the findings of fact made by the Commission.

The law is well settled that where the North Carolina Industrial Commission has jurisdiction of a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act, its findings of fact with respect to whether or not an injured employee is entitled to compensation, and, if so, in what amount, are conclusive and binding not only on the parties to the proceeding, but also where either party has appealed from the award of the Commission to the Superior Court, on said court. Where, however, the jurisdiction of the Commission is challenged by the employer on the ground that he is not bound by the provisions of the North Carolina Workmen's Compensation Act, the findings of fact made by the Commission on which its jurisdiction is dependent, are not conclusive on the Superior Court. On an appeal to said court, the findings of fact made by the Commission may be approved, modified or set aside, in accordance with the findings of the court from all the evidence, appearing in the record. In the instant case, on its findings of fact, which are supported by the evidence, the Superior Court held that the Commission had no jurisdiction of the proceeding and therefore ordered and adjudged that the proceedings be dismissed. The judgment dismissing the proceeding is

Affirmed.