JOSEPH S. FRANCIS, EMPLOYEE, BY HIS GUARDIAN, W. L. FRANCIS, v. CAROLINA WOOD TURNING COMPANY, EMPLOYER, AND CONSOLIDATED UNDERWRITERS, INSURANCE CARRIER.

(Filed 14 June, 1933.)

**1. Master and Servant F i—Jurisdictional findings of Industrial Commission are not conclusive on appeal.**

The findings of fact of the Industrial Commission in a hearing before it that the claimant was not an employee within the meaning of the act at the time of the injury is a jurisdictional finding and is not binding on the Superior Court on appeal, and the Superior Court's finding from conflicting evidence that the claimant was an employee will be upheld upon further appeal to the Supreme Court.

**2. Same—Superior Court has no authority to order an award of compensation upon appeal from judgment of Commission dismissing the case.**

Where upon appeal the Superior Court reverses the judgment of the Industrial Commission dismissing a proceeding under the Compensation Act on the ground that it was without jurisdiction for that the claimant was not an employee within the meaning of the act, the Superior Court should remand the case to the Industrial Commission for a finding as to whether the injury resulted from an accident arising out of and in the course of the employment, and judgment entered in the Superior Court ordering an award of compensation is erroneous.

APPEAL by defendants from *Sink, J.,* at October-November Term, 1932, of SWAIN. Modified and affirmed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The facts found by Commissioner Wilson at a hearing before him on 9 May, 1932, and approved by the full Commission on plaintiff's appeal from his order dismissing the proceedings, are as follows:

"1. The Carolina Wood Turning Company and its regular employees are subject to the provisions of the North Carolina Workmen's Compensation Act.

2. The Consolidated Underwriters was, on 2 September, 1932, the insurance carrier which had insured the liability of the Carolina Wood Turning Company under the North Carolina Workmen's Compensation Act.

3. The plaintiff, Joseph S. Francis, on 2 September, 1932, sustained a serious injury while working at a table in the defendant employer's plant.

4. The plaintiff was totally disabled for sixty days immediately following the injury, and has lost the use of the first, second, third and fourth fingers of his left hand; his average weekly wage was $11.45.

5. The accident resulting in injury to the plaintiff did not arise out of and in the course of his employment, as plaintiff at the time of the accident was not an employee within the meaning of the North Carolina Workmen's Compensation Act."

On the foregoing facts, Commissioner Wilson concluded as a matter of law that the North Carolina Industrial Commission was without jurisdiction of the proceeding, and ordered that the same be dismissed for that reason. This order was affirmed by the full Commission, and the plaintiff appealed to the judge of the Superior Court of Swain County.

At the hearing of plaintiff's appeal, the judge of the Superior Court found as a fact from all the evidence that the plaintiff was an employee of the defendant Carolina Wood Turning Company at the time of the accident, and that his injuries were the result of an accident which arose out of and in the course of his employment. Upon these findings of fact, it was ordered and adjudged that the order of the North Carolina Industrial Commission dismissing the proceedings be and the same was reversed; and it was further ordered and adjudged that the plaintiff is entitled to compensation for his injuries to be paid by the defendants in accordance with the provisions of the North Carolina Workmen's Compensation Act.

From this judgment, the defendants appealed to the Supreme Court.

*T. D. Bryson, Jr., and E. C. Bryson for plaintiff.*
*Johnston & Horner for defendants.*

CONNOR, J. There was evidence at the hearing of this proceeding before Commissioner Wilson, tending to show that the plaintiff, Joseph S. Francis, was an employee of the defendant, Carolina Wood Turning Company, at the time of the accident which resulted in his injuries; and there was evidence to the contrary. Upon consideration of all the evidence, Commissioner Wilson found that the plaintiff was not an employee of the said defendant at the time of the said accident. This finding of fact was approved by the full Commission, which thereupon affirmed the order of Commissioner Wilson, dismissing the proceeding, for the reason that the North Carolina Industrial Commission had no jurisdiction of plaintiff's claim for compensation under the provisions of the North Carolina Workmen's Compensation Act. On plaintiff's appeal from the order of the full Commission to the Superior Court, the judge presiding reviewed all the evidence, and found that plaintiff was an employee of the defendant at the time of the accident, and thereupon reversed the order of the Commission dismissing the proceeding. The question presented by defendants' appeal from the judgment of the Superior Court to this Court, is whether the finding of fact made by Commissioner Wilson and approved by the full Commission was conclusive and binding on the parties to the proceeding.

In *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569, it was held that "when the jurisdiction of the North Carolina Industrial Commission to hear and consider a claim for compensation under the provisions of the North Carolina Workmen's Compensation Act, is challenged by an employer, on the ground that he is not subject to the provisions of the act, the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the Superior Court, and that said court has both the power and the duty, on the appeal of either party to the proceeding, to consider all the evidence in the record, and find therefrom the jurisdictional facts, without regard to the findings of such facts by the Commission. A contrary holding might present a serious question as to the validity of the statutory provisions with respect to the effect of the findings of fact made by the Commission."

In the instant case where the evidence in the record with respect to a jurisdictional fact was conflicting, the finding by the Commission was not conclusive, and the judge had the power, upon his review of all the evidence, to find the said fact otherwise than as found by the Commission. There was no error in his judgment which is to the effect that the Commission has jurisdiction of this proceeding. In that respect the judgment is affirmed.

There is error, however, in the judgment directing that an award be made to the plaintiff for compensation to be paid by the defendants in accordance with the provisions of the North Carolina Workmen's Compensation Act. The North Carolina Industrial Commission, alone, has jurisdiction to find the facts on which the liability of the defendants must be determined. *Winberry v. Farley Stores, Inc., ante,* 79, 167 S. E., 475. The proceeding should be remanded by the Superior Court of Swain County to the North Carolina Industrial Commission, which will find whether or not the plaintiff was injured by an accident which arose out of and in the course of his employment. As modified in accordance with this opinion, the judgment is

Affirmed.