NORA HUCHERSON AYLOR, MOTHER; ODELL AYLOR, DECEASED EMPLOYEE, v. L. R. BARNES, TRADING AS BARNES-TAYLOR COMPANY; N. C. PINE LUMBER COMPANY, EMPLOYER; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, CARRIER.

(Filed 4 May, 1955.)

**1. Master and Servant § 38—**

The Industrial Commission has jurisdiction only if the contract of employment is made in this State, the employer's place of business is here and the injured employee is a resident. G.S. 97-36.

**2. Master and Servant § 50—**

Claimant has the burden of proving that his or her claim is compensable under the Workmen's Compensation Act.

**3. Master and Servant § 55d—**

Jurisdictional findings of the Industrial Commission are not conclusive on appeal, and when the award of the Industrial Commission is attacked

on the ground that the deceased employee was not a resident of this State, the Superior Court has the power and duty to find the jurisdictional facts without regard to the findings of the Industrial Commission, and the action of the Superior Court in merely overruling the exceptions to the findings of fact and conclusions of law of the Commission, is insufficient, necessitating that the cause be remanded.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Parker, Joseph W., J.,* at October Civil Term 1954, of CRAVEN.

Proceeding under the North Carolina Workmen's Compensation Act for compensation as a result of the death of Odell Aylor, allegedly from injury by accident sustained at Midway Island, on U. S. Highway 1, approximately 17 miles north of Fredericksburg, in the State of Virginia, while operating a truck loaded with lumber en route from place of business of defendants, Employers, in New Bern, North Carolina, to a destination in the State of Maryland.

The record proper reveals the following: (1) A hearing was had before Commissioner Bean in New Bern, North Carolina, on 13 October, 1953, when and where testimony of witnesses was taken relating in the main to jurisdictional questions in respect to provisions of G.S. 97-36 pertinent portion of which reads: "When an accident happens while the employee is employed elsewhere than in the State which would entitle him or his dependents to compensation if it had happened in this State, the employer or his dependents shall be entitled to compensation if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State; . . ."

(2) On 30 October, 1953 Commissioner Bean filed an opinion for the North Carolina Industrial Commission in which he found facts, and made conclusions of law thereupon sufficient for an award in favor of the mother and next of kin of Odell Aylor, the deceased employee, and such an award was made.

(3) Thereafter on 5 November, 1953, defendants filed exceptions to the findings of fact, and conclusions of law, and the award so made by Commissioner Bean, and appealed to the full North Carolina Industrial Commission, and applied for a review of the case.

(4) Thereafter on 1 June, 1954, an opinion and award for the full Commission was filed by Commissioner Scott, in which this recital appears: "The defendants have alleged as error substantially all of the findings of fact and conclusions of law by the Hearing Commissioner. Having heard the arguments of counsel and having reviewed the record,

the full Commission is of the opinion that the findings of fact by the Hearing Commissioner are substantially correct, and that the proper legal result has been reached. However, in the interest of clarity, and to the end that the issues raised may be clearly presented, the full Commission strikes out the opinion and award of the Hearing Commissioner and substitutes therefor the following:"

Then follows findings of fact and conclusions of law on which an award was made in favor of the mother and next of kin of Odell Aylor, the deceased employee.

Chairman Huskins, of the N. C. Industrial Commission, dissented from the majority decision. He gave it as his opinion that "the evidence in this case does not support the finding and conclusion that the residence of Odell Aylor, the deceased employee, was in North Carolina," adding—"In a compensation case, as in an ordinary civil action, the burden of proof is on the plaintiff, and I think she has failed to make out her case in this respect," citing G.S. 97-36, and *Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90.

(5) Defendants excepted to all material findings of fact, particularly that deceased employee was a resident of North Carolina, and to all of the conclusions of law and award of the N. C. Industrial Commission in respect thereto, as contained in the opinion of 1 June, 1954, and appealed to the Superior Court of Craven County for the reason that the Findings of Fact, Conclusions of Law and Award of the N. C. Industrial Commission are not supported by competent evidence, and are in error as a matter of law upon the facts as found and upon the facts appearing from the record.

(6) When the appeal came on for hearing at the October Civil Term, 1954, of Craven County Superior Court, the court, having heard argument of counsel, and examined and considered briefs filed by them, and examined and considered the entire record in the case, and particularly the defendants' exceptions to the findings of fact and conclusions of law and the award of the N. C. Industrial Commission, and assignments of error filed by defendants, and being of opinion that each and every of said exceptions and assignments of error made by defendants to the award should be overruled and denied, and that all of the findings of fact and conclusions of law and the award should be in all respects confirmed, so ordered by judgment dated 7 October, 1954, to which defendants except and appeal to the Supreme Court.

*Raymond E. Sumrell, Lee & Hancock, and Nottingham & Somerville for plaintiff, appellee.*

*Barden, Stith & McCotter for defendants, appellants.*

WINBORNE, J. Appellants, by their assignments of error presented on this appeal, challenge the jurisdiction of the North Carolina Industrial Commission in the premises on the grounds, among others, that at the time of his death, the employee, Odell Aylor, was not a resident of this State within the meaning of the statute G.S. 97-36.

In this connection, this Court, in interpreting and applying the provisions of G.S. 97-36 in the case of *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305, opinion by *Seawell, J.*, declared that "in so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give jurisdiction."

And it is a well settled rule in respect to proceedings under the North Carolina Workmen's Compensation Act, that the claimant has the burden of proving that his or her claim is compensable under the Act. See *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760, and cases cited.

Moreover, while ordinarily findings of fact made by the North Carolina Industrial Commission in respect to liability for compensation under the North Carolina Workmen's Compensation Act are conclusive upon appeal when supported by competent evidence, *Francis v. Wood Turning Co.*, 204 N.C. 701, 169 S.E. 654, and numerous other cases, yet when the jurisdiction of the Commission to allow a claim for compensation is challenged by an employer, "the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the Superior Court, and that said court has both the power and the duty, on the appeal of either party to the proceeding, to consider all the evidence in the record, and find therefrom the jurisdictional facts, without regard to the findings of fact by the Commission." So declared this Court in opinion by *Connor, J.*, in the case of *Aycock v. Cooper,* 202 N.C. 500, 163 S.E. 569; and the rule is recognized in these cases: *Francis v. Wood Turning Co., supra; Miller v. Roberts*, 212 N.C. 126, 193 S.E. 286; *Young v. Mica Co.*, 212 N.C. 243, 193 S.E. 285; *Buchanan v. Highway Com.*, 217 N.C. 173, 7 S.E. 2d 382; *Smith v. Paper Co.*, 226 N.C. 47, 36 S.E. 2d 730.

In the light of this principle it is not enough that the Judge of Superior Court overrule the exceptions to the findings of fact and conclusions of law, and affirm the findings of fact and conclusions of law made by the Industrial Commission. Hence in so doing in the case in hand, there is error.

Therefore, the judgment of the Superior Court from which the appeal is taken must be, and it is set aside and the case remanded to the Superior Court to the end that the appeal from the Industrial Commission

be heard anew on the exceptions filed by defendants, and that jurisdictional facts be found in accordance with this opinion.

Error and remanded.

BARNHILL, C. J., took no part in the consideration or decision of this case.