BETTY P. HAWES, WIDOW; AND SHARON LYNN HAWES, MINOR DAUGHTER OF MAYNARD HAWES, DECEASED, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION AND UNITED BENEFIT LIFE INSURANCE COMPANY AND MARYLAND CASUALTY COMPANY.

(Filed 2 November, 1955.)

**1. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive and binding if supported by competent evidence, notwithstanding that there may be competent evidence which would have supported a contrary finding.

**2. Same—**

Conclusions of law of the Industrial Commission based on the facts found are reviewable, and whether the relationship between the parties upon certain facts was that of employer and employee is a conclusion of law and reviewable.

**3. Master and Servant § 39a—**

The facts found by the Industrial Commission in this case *are held* to support its finding that the deceased insurance agent, at the time of his fatal accident, was not an employee of defendant insurance companies within the purview of the Workmen's Compensation Act.

APPEAL by plaintiff from *Johnston, J.,* July Term 1955 of FORSYTH.

Proceeding before the Industrial Commission for compensation for the death of an alleged employee.

The Hearing Commissioner found as facts that Maynard Hawes was district manager of the Durham agencies of the defendant insurance

companies, and carried on his duties pursuant to the terms of two written contracts—one with each defendant,—and that these two contracts contain this language: "No provision in this contract shall be construed to create the relation of employer and employee between the company and the agent, and he shall be free to exercise his own judgment as to the persons from whom he will solicit and the time, place, and manner and amount of solicitation," with the exception that one contract contains the words "between the association and the second party," instead of "between the company and the agent"; these contracts provided that the full compensation to be received by Hawes for his services and expenses was commissions at a fixed schedule based upon premiums paid on policies issued from applications secured by him; that on 3 July 1952 a representative of the State manager's office of the defendants called upon Maynard Hawes in connection with an alleged shortage in Hawes' accounts, and Hawes signed this statement: "I, Maynard Hawes, agree not to solicit any business for Mutual or United Benefit, or collect any premiums after July 6, 1952, at 12:00 midnight, at which time my licenses are cancelled"; that notwithstanding this statement he continued to solicit and sell insurance for the defendants throughout the ensuing week prior to his death and obtained 15 solicitations; that on 11 July 1952 he left Durham to go to Winston-Salem to confer with the defendants' State manager travelling in his own car, and en route his car collided with a bridge abutment instantly killing him; that in a brief case in his car were found these 15 solicitations upon which policies of insurance were later issued by the defendants. Upon the facts found the Hearing Commissioner concluded that the relationship of employee and employer did not exist between Hawes and the defendants, that the Industrial Commission had no jurisdiction of the parties, and an award was issued denying compensation.

Upon appeal to the Full Commission the opinion and award of the Hearing Commissioner was vacated and set aside, and it was ordered that the case be reset before a Hearing Commissioner for the introduction of additional evidence.

Upon the rehearing the Hearing Commissioner made similar findings of fact and conclusions as the former Hearing Commissioner, and issued an award denying compensation.

Upon appeal to the Full Commission, it adopted as its own the findings of fact and conclusions of law of the Hearing Commissioner at the rehearing, and affirmed his decision in all respects.

The plaintiff then appealed to the Superior Court, where the order of the Full Commission was affirmed, and all the exceptions of the plaintiffs were overruled.

Plaintiffs appeal to this Court, assigning error.

*Buford T. Henderson for Plaintiffs, Appellants.*
*Deal, Hutchins & Minor for Defendants, Appellees.*

PARKER, J.   Under the Workmen's Compensation Act the Industrial Commission is constituted the fact-finding body, and their findings, if supported by competent evidence, are "conclusive and binding as to all questions of fact." G.S. 97-86; *Cooper v. Ice Co.,* 230 N.C. 43, 51 S.E. 2d 889.   This is true even though there may be competent evidence which would have supported a contrary finding. *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612.   However, this does not mean that the conclusions of the Commission based upon the facts found are in all respects unexceptionable. *Perley v. Paving Co.,* 228 N.C. 479, 46 S.E. 2d 298; *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109.

The relationship created by the facts found here by the Commission is a question of law, and the conclusion of the Commission based on those facts is reviewable. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137.

After a careful analysis of the evidence and the findings of fact we arrive at the decision that the findings of fact are supported by competent evidence, and the conclusion of the Commission founded upon the facts found, that the relationship between Maynard Hawes, the deceased, and the defendants was not that of employee and employer, was correct. *McCraw v. Mills, Inc.,* 233 N.C. 524, 64 S.E. 2d 658; *Perley v. Paving Co., supra; Hayes v. Elon College, supra; Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *Bryson v. Lumber Co.,* 204 N.C. 664, 169 S.E. 276; *Mutual Life Ins. Co. v. State,* 71 N.D. 78, 298 N.W. 773, 138 A.L.R. 1115; *Income Life Ins. Co. v. Mitchell,* 168 Tenn. 471, 79 S.W. 2d 572.

It would seem that when the deceased signed the statement that he agreed not to solicit any business for the defendants or collect any premiums after 6 July 1952 at midnight, at which time his licenses were cancelled, that he had severed all relations with the companies.

The judgment of the Superior Court is
Affirmed.