JAMES ASKEW, EMPLOYEE v. LEONARD TIRE COMPANY, EMPLOYER AND TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 7 April, 1965.)

**1. Master and Servant §§ 47, 48, 82—**

     The existence of the employee-employer relationship is jurisdictional to the application of the Workmen's Compensation Act.

**2. Courts § 2—**

A challenge to jurisdiction may be made at any time, even in the Supreme Court.

**3. Master and Servant § 93—**

Jurisdictional findings of the Industrial Commission are not binding on the Superior Court upon appeal, but the Superior Court has the power and duty to consider all of the evidence in the record and make its own findings in regard to jurisdictional questions.

**4. Same—**

It is error for the Superior Court, if aptly requested to do so, to fail to find the jurisdictional facts on appeal from the Industrial Commission and set them out in the judgment, but the Superior Court may by reference adopt the findings of the Commission as its own.

**5. Same; Master and Servant § 94—**

Where on appeal to the Superior Court from the Industrial Commission there is no request for independent findings of the jurisdictional facts and the judgment affirms the findings of the Commission without incorporating therein independent findings of such facts, it will be presumed on further appeal, unless it clearly appears to the contrary from the record, that the Superior Court reviewed the evidence in the light of its authority and duty to make the jurisdictional findings, and its affirmance of the Commission's findings will be deemed an adoption by it of such findings of the Commission.

**6. Master and Servant § 3—**

An independent contractor is one who contracts to do a piece of work according to his own judgment and methods and who is not subject to the employer except as to the result of the work and who has the right to employ and direct the acts of other workmen without the interference or right of control on the part of the employer, and whether a particular person is an employee or an independent contractor must be determined upon the varying factual elements of each particular case.

**7. Master and Servant § 48—**

Findings to the effect that claimant did not hold himself out as a painting contractor and consistently worked for others for fixed hourly wages, except upon a single prior instance, and that he contracted to paint the inside of defendant's building for a stipulated hourly wage, with defendant to furnish the paint and claimant to furnish the brushes, ladders and other equipment etc., *held* sufficient to support a finding that claimant was an employee and not an independent contractor, notwithstanding other evidence sufficient to support a contrary finding.

**8. Master and Servant § 94—**

The jurisdictional findings of the Superior Court which are supported by competent evidence are binding on the Supreme Court upon further appeal.

**9. Appeal and Error § 2—**

Even though an appeal be technically premature, the Supreme Court, in the exercise of its supervisory jurisdiction, may determine the question

sought to be presented to obviate a wholly unnecessary and circuitous course of procedure. Constitution of North Carolina, Art. IV, § 10.

APPEAL by defendants from *Hubbard, J.*, October 1964 Civil Session of HALIFAX.

Proceeding pursuant to the Workmen's Compensation Act. Plaintiff suffered an injury by accident which he alleges arose out of and in the course of his employment with defendant, Leonard Tire Company.

About 4:00 P.M. on Thursday, 28 February 1963, plaintiff, while painting the interior of the sales room of the Tire Company's building in Murfreesboro, N. C., fell from the ladder on which he was working to the concrete floor below and was rendered unconscious. He was hospitalized about a month and was out of work about three months on account of the injuries suffered in the fall; he has a permanent partial disability of the left arm.

The principal controversy is whether plaintiff was an employee of defendant Tire Company or an independent contractor. The hearing commissioner found facts and upon such findings concluded as a matter of law that at the time of the accident the employer-employee relationship existed between plaintiff and defendant Tire Company, that plaintiff sustained an injury by accident arising out of and in the course of the employment by said defendant, and that plaintiff's average weekly wage was $60.00. Compensation was awarded. Upon review, the full Commission adopted "as its own the findings of fact and conclusions of law of the Hearing Commissioner," and affirmed the award.

Upon appeal, the superior court struck the following findings on the ground that they were not supported by any competent evidence in the record: "Plaintiff was not free to use such assistance as he thought proper"; "Plaintiff's average weekly wage . . . was $60.00 . . ." Defendant's exceptions to all other findings of fact and conclusions of law were overruled; the court held that these findings of fact are supported by competent evidence. Judgment was entered remanding the cause to the Industrial Commission "to ascertain the average weekly wage of the plaintiff and to enter an award (of compensation) thereon in compliance with the terms of this judgment . . ." Defendants appeal.

*Jones, Jones & Jones and Pritchett & Cooke for plaintiff.*
*Allsbrook, Benton & Knott and Dwight L. Cranford for defendants.*

MOORE, J.  To be entitled to maintain a proceeding for compensation for personal injury under the provisions of the Workmen's Compensation Act the claimant must be, in fact and in law, an employee of the alleged employer. The question whether the employer-employee relationship exists is clearly jurisdictional. *Richards v. Nationwide*

*Homes,* 263 N.C. 295, 139 S.E. 2d 645; *Pearson v. Flooring Co.,* 247 N.C. 434, 101 S.E. 2d 301; *Francis v. Wood Turning Co.,* 204 N.C. 701, 169 S.E. 654. A challenge to jurisdiction may be made at any time, even in Supreme Court. *Richards v. Nationwide Homes, supra; Dependents of Thompson v. Funeral Home,* 205 N.C. 801, 172 S.E. 500. We have said repeatedly that when a party challenges the jurisdiction of the Industrial Commission the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the superior court, and the superior court has the power, and it is its duty, on appeal, to consider all the evidence in the record and to make therefrom independent findings of jurisdictional facts. *Richards v. Nationwide Homes, supra; Pearson v. Flooring Co., supra.* See 3 Strong: N. C. Index, Master & Servant, § 93, pp. 290-1, and cases cited.

If the superior court, in the instant case, made independent findings of fact from the evidence in the record, on the jurisdictional question, it failed to set out such findings in the judgment. The judgment holds that the material findings of the Commission as to the employer-employee relationship are supported by competent evidence; it overrules appellants' exceptions and assignments of error.

Appellants contend that plaintiff was not an employee of defendant Tire Company, but was an independent contractor. They contend that the court erred in failing to consider the evidence in the record and make therefrom independent findings of jurisdictional facts. It is apparent from an examination of the judgment that the judge did review and consider all of the evidence in the record. The narrow question presented is whether it is mandatory that the superior court, on an appeal from the Commission, after considering all the evidence in the record, make independent findings of fact on jurisdictional questions and *set out* such findings in the judgment, though the court is in agreement with and affirms the Commission's findings of jurisdictional facts.

As pointed out in *Pearson v. Flooring Co., supra,* there is apparent conflict in some of the decided cases as to whether the superior court *must* make independent findings of jurisdictional facts. In some of the cases the question as to employer-employee relationship was not *expressly* presented as jurisdictional, and the Court, perhaps unmindful of the jurisdictional nature of the question, applied the rule that the Commission's findings of fact are conclusive on appeal when supported by competent evidence — the rule (G.S. 97-86) as to findings of non-jurisdictional facts. *Hawes v. Accident Association,* 243 N.C. 62, 89 S.E. 2d 739; *Hinkle v. Lexington,* 239 N.C. 105, 79 S.E. 2d 220; *Perley v. Paving Co.,* 228 N.C. 479, 46 S.E. 2d 298; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *Cloninger v. Bakery Co.,* 218 N.C. 26, 9 S.E. 2d 615; *Bryson v. Lumber Co.,* 204 N.C. 664, 169 S.E. 276. In most of

the cases in which the superior court has reversed the opinion and award of the Commission on jurisdictional questions, the judge has made independent findings of jurisdictional facts, and the Supreme Court has approved that procedure. *Richards v. Nationwide Homes, supra; Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673; *Francis v. Wood Turning Co., Supra; Aycock v. Cooper,* 202 N.C. 500, 163 S.E. 569.

In *Beach v. McLean, supra,* it is stated that the inquiry whether employer-employee relationship exists is a mixed question of fact and law, and the correct determination depends "upon the answer to two questions: (1) What are the terms of the agreement — that is, what was the contract between the parties; and (2) what relationship between the parties was created by the contract — was it that of master and servant or that of employer and independent contractor? The first involves a question of fact and the second is a question of law." The opinion states further: ". . . the Commission has found the facts which constitute the contract. The facts as thus found are conclusive."

In *Aylor v. Barnes,* 242 N.C. 223, 87 S.E. 2d 269, the crucial inquiry was whether the employee was a resident of North Carolina, a jurisdictional question. The Commission concluded, upon facts found, that the employee was a resident of North Carolina at the time of his fatal injury, and awarded compensation to his dependent. On appeal, the superior court overruled defendants' exceptions and assignments of error and affirmed all of the findings of fact and conclusions of law and the award of the Commission. The court recited in the judgment that "the entire record" had been "examined and considered." The Supreme Court declared: ". . . it is not enough that the Judge of Superior Court overrule the exceptions to the findings of fact and conclusions of law, and affirm the findings of fact and conclusions of law made by the Industrial Commission." The cause was remanded to superior court for rehearing and independent findings of jurisdictional facts by the judge.

In *Pearson v. Flooring Co., supra,* the question was whether the employer-employee relationship existed. The superior court entered judgment declaring that the evidence in the record had been reviewed, the Commission's findings of fact are supported by competent evidence, the Commission's conclusions of law are correct, and the award should be affirmed. The judgment overruled defendants' exceptions and assignments of error and adopted the findings of fact and conclusions of law of the Commission "as fully as if set forth *verbatim* in this judgment." On appeal to Supreme Court defendants contended that the judge erred in failing to "make independent findings of fact relevant to the controverted jurisdictional question." After reviewing the many cases dealing with the subject this Court said:

". . . we need not undertake to reconcile or to resolve the apparent conflict in the cited decisions.

"The record, fairly interpreted, does not show that Judge Rosseau failed to consider the evidence and make his own findings of fact therefrom. Indeed, the stronger inference is that he did so. Certainly, if he considered the findings of fact of the Commission correct, and his judgment so states, the rule contended for by appellants would not require a mere rephrasing of essentially the same factual findings in order to demonstrate that the findings made by him were his own rather than an approval of the Commission's findings because supported by *some* competent evidence.

"The record shows that Judge Rousseau, after a *full review* of the evidence, found not only that the findings of fact of the Commission were supported by competent evidence but that they were correct. He adopted the findings of fact made by the Commission as his own 'as fully as if set forth *verbatim* in this judgment.' "

We are not disposed to draw fine distinctions in an effort to harmonize our former decisions, and thereby add confusion to uncertainty. Decision in the case at bar could well rest upon the authority of either *Beach* or *Aylor,* which are apparently in direct conflict. *Beach* is neither distinguished nor cited by *Aylor,* and it does not appear that it was intended that the latter overrule the former. It is not clear that the Court was mindful of the jurisdictional aspect of the question in the *Beach* case; in *Aylor,* the Court made a more comprehensive and absolute application of the rule with respect to jurisdictional findings than the cases cited in support justify. *Pearson* is well reasoned, avoids extremes, and modifies the holding in *Aylor.* Yet, it does not provide general guide lines; it is authoritative only with respect to the particular circumstances therein presented. Duty now dictates that we no longer leave the subject rule in the twilight of uncertainty; we must declare with as much certainty and specificity as possible the meaning of the rule.

The rule in question was first declared in *Aycock v. Cooper, supra.* The superior court had made independent findings of jurisdictional facts, contrary to the findings of the Commission. The evidence in the record was conflicting in the sense both the judge's findings and the Commission's findings had support therein. The substance of the rule laid down is that (1) the Commission's findings of fact, upon which its jurisdiction depends, are not conclusive on appeal to superior court, and (2) the superior court "has both the power and duty . . . to consider all of the evidence *in the record,* and find therefrom the jurisdictional facts, without regard to the finding of such facts by the Commission." The

Court stated: "The question has not heretofore been presented to this Court and we, therefore, have no decision which may be cited as authority . . ." The rationale of decision is that "A contrary holding might present a serious question as to the validity of the statutory provision with respect to the effect of the findings of fact made by the Commission." In case after case the rule has been approved by us, and must be considered as settled law. The problem is in its application.

From a consideration of all of the cases interpreting and applying the rule in question, and the purpose of and reason for the rule, we deduce and declare the following principles. The Commission's findings of jurisdictional facts are not conclusive on appeal to superior court, even if supported by competent evidence. The judge may *ex mero motu* make findings of jurisdictional facts from the evidence in the record and set out his findings in the judgment, without regard to the findings of the Commission. Where the judge is of the opinion, upon a fair and impartial consideration of the evidence in the record, that the Commission's findings of jurisdictional facts lead to an improper assumption or rejection of jurisdiction by the Commission, he has the duty to make independent findings of jurisdictional facts and to set them out in the judgment. If a party to the proceeding in apt time requests the judge to make independent findings of jurisdictional facts, it is error for him to refuse to do so, and such facts found by him must be set out in the judgment or incorporated therein by reference; if the judge's findings are in agreement with those of the Commission, he may by reference in the judgment adopt the latter as his own. But it is error for the judge to proceed upon the theory that he is bound by the Commission's findings of jurisdictional facts. A jurisdictional question may be raised at any stage of the proceeding. Where there has been no request in superior court for independent findings of jurisdictional facts and there has been no independent findings of such facts in that court and the Commission's findings were affirmed, and the jurisdictional aspect of findings of fact are expressly suggested and such findings challenged for the first time in Supreme Court, it will be presumed that the judge reviewed the evidence in the light of his authority and duty and his findings were in accord with those of the Commission, and his overruling of exceptions to and his affirmance of the Commission's findings will be deemed an adoption by him of such findings as his own, unless it clearly appears from the record on appeal in Supreme Court that the judge proceeded upon the mistake of law that the Commission's findings of jurisdictional facts were binding on him and he was without authority to make independent findings.

Testing the judgment in the instant case by the foregoing guides, we conclude that the court below did not err in failing to set out indepen-

dent findings of jurisdictional facts. There was no request therefor. It is clear that the judge carefully reviewed the evidence in the record. He struck out certain of the findings. He overruled the exceptions to the material findings of jurisdictional facts made by the Commission, affirmed them and directed that an award be made accordingly. There is nothing in the record and judgment to indicate that he was not aware of his authority and duty, or that he considered the findings of the Commission to be conclusive. We are confirmed in our opinion that he was fully aware of his authority and duty for that he is the same judge who in January 1964, in *Richards v. Nationwide Homes, supra,* found independent facts on the question of employer-employee relationship, and reversed the Commission.

The pertinent findings of the Commission, affirmed in superior court, are these:

"1. In February 1963 the plaintiff and Mr. Leonard, President and General Manager of defendant employer, entered into an oral contract or agreement, whereby plaintiff agreed to paint the outside of a building owned by defendant employer at Murfreesboro. Plaintiff was to furnish the paint brushes, ladders and other equipment, and defendant employer was to furnish the paint. Plaintiff was to be paid an agreed sum of $125.00 to do such work, and the contract or agreement was carried out in accordance with such terms.

"2. After plaintiff had completed the painting of the outside of the defendant employer's building at Murfreesboro, Mr. Leonard contacted Mr. W. S. Outland, defendant employer's service manager at Murfreesboro. Mr. Leonard authorized Outland to get plaintiff to paint the inside of defendant employer's building at Murfreesboro. Outland therefore contacted plaintiff concerning the painting of the inside of the building, and plaintiff advised that he would do such painting and that he charged $1.50 an hour to do painting.

"3. Plaintiff thereafter commenced the painting of the inside of defendant employer's building. Plaintiff was not engaged in an independent business, calling, or occupation, he having never contracted to do painting for a fixed sum prior to his agreeing to paint the outside of defendant employer's building on a contract basis. Plaintiff was not doing a specific piece of work at a fixed price or for a lump sum, but was working for an hourly wage of $1.50 per hour. Plaintiff . . . was engaged to paint the inside of the building personally, there being no authorization to employ anyone else to do the painting. Plaintiff was not required to work any

specific hours in doing the painting, but was requested to do the painting as soon as possible, in order that defendant employer's establishment at Murfreesboro could be opened. The employer-employee relationship existed between plaintiff and defendant employer while plaintiff was painting the inside of defendant employer's building."

At only a few points is there conflict in the evidence. The controversy centers on the questions, what was the agreement between the parties and what relationship did it create?

Plaintiff testified in substance: After he had finished painting the outside of the building, Mr. Outland, service manager of Tire Company's Murfreesboro shop, requested him to paint a portion of the inside — the sales room. Mr. Outland asked what he would charge and plaintiff told him $1.50 an hour. Mr. Outland told him to go ahead and paint and keep his own time. Tire Company was to furnish the paint; plaintiff was to furnish paint brushes and ladders. The number of hours he was to work each day was not specified; plaintiff was to complete the work as soon as possible so that the place could be opened for business. Plaintiff worked alone, and had made 39 hours at the time of his injury. Mr. Leonard, president and general manager of the Tire Company, after plaintiff's injury, made out a check for $58.50 — on the basis of 39 hours at $1.50 an hour. Plaintiff did not cash the check because it had a notation thereon, "Paint Contractor." Plaintiff was not a painting contractor. He was 65 years old and had been a painter for many years. His regular wage was $1.50 an hour. He had never done painting by the job for a lump sum except on the one occasion when he painted the outside of the Tire Company's building.

Mr. Leonard testified: Mr. Outland called him relative to the painting of the inside of the building. He told Mr. Outland to get plaintiff to paint it. Plaintiff had done a good job on the outside. He, Mr. Leonard, assumed that plaintiff would do the painting on the inside for a flat sum; he did not personally deal with plaintiff. "Mr. Outland . . . didn't have any authority to employ anyone."

Mr. Outland testified: He asked plaintiff. to do the painting and asked him what he would charge. Plaintiff "said he worked by the hour, he got $1.50 an hour." He told plaintiff it was satisfactory if he wanted "to base it on that, but it would be the contract price." There was no understanding that plaintiff was working on an hourly basis; it was understood that plaintiff was "performing on the inside in the same manner that he was performing on the outside."

It is seen that on the crucial question, whether plaintiff was an employee of defendant Tire Company, the evidence is in direct conflict. There is evidence which would justify a finding that plaintiff was an

independent contractor, but we are of the opinion that there is evidence which supports the findings that "Plaintiff was not doing a specific piece of work at a fixed price or for a lump sum, but was working for an hourly wage of $1.50 per hour. . . . The employer-employee relationship existed between plaintiff and defendant employer (Tire Company) while plaintiff was painting the inside of defendant employer's building." There are many elements to be considered in determining whether a person in the execution of work for another is an employee or independent contractor, and no particular element is controlling. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137. An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods, and without being subject to his employer, except as to the result of the work, and who has the right to employ and direct the action of other workmen in the prosecution of the work without interference or right of control on the part of his employer. *Graham v. Wall,* 220 N.C. 84, 16 S.E. 2d 691. Plaintiff is a painter of long experience, who has consistently worked for others for fixed hourly wages. He does not hold himself out as a painting contractor. During his long experience he has only once done a painting job for a lump sum. It is to be inferred that plaintiff was employed by defendant employer because of the quality of his individual work, that he was not to employ or delegate the work to others, and that he was to be paid an hourly wage for such time as he worked. Other established elements involved are insufficient to compel the conclusion that he was an independent contractor at the time of his injury. In this area of employer-employee relationships there are no two cases which are exactly similar factually. However, the following cases are sufficiently analagous to the case at bar to be authoritative: *Smith v. Paper Company,* 226 N.C. 47, 36 S.E. 2d 730; *Johnson v. Hosiery Company,* 199 N.C. 38, 153 S.E. 591. The findings below are supported by competent evidence, and are conclusive on appeal to *Supreme Court.*

The judge below ordered the cause remanded to the Industrial Commission "to ascertain the average weekly wage of the plaintiff and to enter an award (of compensation) thereon." It was suggested by plaintiff that the cause should have been remanded to the Industrial Commission for compliance with the judge's order before an appeal was entertained in Supreme Court, that is, that the appeal is premature. Technically, the suggestion is correct. However, this Court in the exercise of its supervisory jurisdiction concluded to determine the questions presented to obviate a wholly unnecessary and circuitous course of procedure. Constitution of North Carolina, Art. IV, § 10; *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273. The cause is remanded to the end

that the judgment of the superior court herein at the October 1964 Civil Session of Halifax shall be complied with.

Affirmed.