* * * * * * * * * * *
The Full Commission reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order, except for minor modifications. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Taylor with modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. The plaintiff filed his Tort Claim Affidavit, Form T-1, with the Industrial Commission on December 30, 2005, alleging, in pertinent part, that during September through November 2003, he was an employee and Resident Advisor for the defendant, and allegedly was exposed to a "substandard and unhealthy indoor environment, primarily mold, in Wood Hall."
2. The defendant timely answered and moved to dismiss the plaintiff's tort claim on the basis that it was barred by the North Carolina Workers' Compensation Act, and that the plaintiff's exclusive remedy was to file a Workers' Compensation claim.
3. The defendant also filed a motion for summary judgment, which was heard before Deputy Commissioner Taylor on November 9, 2006.
4. Attached to the defendant's motion for summary judgment was a sworn Affidavit of Timothy S. Blair, Associate Director of University Housing for the defendant, with exhibits. The sworn statements made by Mr. Blair in his Affidavit are found by the Full Commission to be credible and competent evidence in this summary judgment proceeding.
5. Based upon the evidence of record, the Full Commission finds that the plaintiff was employed with the defendant as a Resident Advisor during the time period that the plaintiff allegedly was exposed to a mold. The Full Commission further finds that the plaintiff was compensated financially for residing in the residence hall where he allegedly was exposed to mold; moreover, the plaintiff would not have resided in Wood Hall but for his employment status as a Resident Advisor with the defendant.
6. The Full Commission finds that an employment relationship existed between the plaintiff and the defendant at the time the plaintiff was allegedly exposed to the allegedly "substandard and unhealthy indoor environment" set out in the plaintiff's Tort Claim Affidavit. *Page 3 
7. The Full Commission finds that the plaintiff has not provided sufficient evidence to rebut the defendant's contention that the plaintiff was an employee of the defendant at all relevant times.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). In making this determination, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." Bruce-Terminix Co. v.Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).
2. The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact, which may be satisfied by showing that the party cannot overcome an affirmative defense which would bar the claim. Taylor v. Ashburn, 112 N.C. App. 604,606-07, 436 S.E.2d 276, 278 (1993), cert. denied, 336 N.C. 77,445 S.E.2d 46 (1994). The moving party meets this burden if it can show that an essential element of the nonmoving party's claim does not exist, or that the nonmoving party cannot produce evidence of an essential element of his claim, or cannot overcome an affirmative defense which would bar the claim. Id. The defendant has met its burden of proof by forecasting sufficient, competent evidence to show that the plaintiff was an employee of the defendant at the time he was allegedly exposed to a "harmful" indoor environment, which in turn allegedly caused him to sustain a respiratory illness. Id. *Page 4 
3. Once the party moving for summary judgment meets its burden, it is the nonmoving party's burden to produce a forecast of evidence showing that it will be able to establish at least a prima facie case at trial.Forsyth Mem. Hosp. v. Armstrong World Indus., Inc., 122 N.C. App. 413,470 S.E.2d 826 (1996). The plaintiff has failed to forecast sufficient, competent evidence to rebut the defendant's evidence, and has failed to show that the plaintiff was not an employee of the defendant at the time of the alleged exposure. Id.
4. Under the Tort Claims Act, the State has expressly waived its sovereign immunity in certain circumstances. N.C. Gen. Stat. §§ 143-291,143-297. This waiver of immunity shall be strictly construed. Floyd v.N.C. State Highway Comm'n, 241 N.C. 461, 464, 85 S.E.2d 703, 705 (1955). The Industrial Commission has jurisdiction under N.C. Gen. Stat. §143-291, et seq., to hear tort claims arising as a result of the alleged negligence of an officer, employee, involuntary servant, or agent of the State while acting within the scope of his employment or agency, or authority under circumstances where the State, if a private person, would be liable to the plaintiff under state laws. Guthrie v. NorthCarolina State Ports Auth., 307 N.C. 522, 299 S.E.2d 618 (1983). The plaintiff has failed to forecast sufficient, competent evidence to show that the Industrial Commission has subject-matter jurisdiction to hear the plaintiff's claim under the Tort Claims Act. Id. The plaintiff has further failed to show there is a genuine issue as to a material fact. N.C. Gen. Stat. § 1A-1, Rule 56(c).
5. The question of whether an employer-employee relationship exists is jurisdictional. Askew v. Leonard Tire Co., 264 N.C. 168, 141 S.E.2d 280
(1965). "An employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer would seem to be essential to his right to receive compensation under the act." Lucas v. Li'l Gen. Stores, 289 N.C. 212, 221 S.E.2d 257 (1976). *Page 5 
6. In claims by employees involving injuries by accident arising out of and in the course of employment, and occupational illnesses allegedly contracted through employment, the claimant's exclusive remedy is to file a claim under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-10.1 (2006); See also Ryles v. Durham Co. Hosp.Corp., 107 N.C. App. 455, 420 S.E.2d 487, cert. denied, 333 N.C. 169,424 S.E.2d 406 (1992) (holding that college respiratory therapist student was limited to Workers' Compensation remedy in slip and fall at college).
7. Based upon the competent evidence of record, the Full Commission concludes that the plaintiff's present tort claim should be dismissed with prejudice. N.C. Gen. Stat. § 143-291 et seq. Though the Full Commission makes no determination as to the merits of the plaintiff's claim, the Full Commission concludes that the plaintiff's exclusive remedy is to seek recourse under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et seq. The plaintiff shall be granted leave to duly file a workers' compensation claim pursuant to the Workers' Compensation Act within one year of the entry of this Order.Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's tort claim must be, and is hereby, dismissed with prejudice.
2. The plaintiff is hereby granted leave to duly file a workers' compensation claim with the Industrial Commission pursuant to the N.C. Workers' Compensation Act within one year of the entry of this Order.
3. The plaintiff shall pay the costs of this matter.
This 23rd day of July 2007.
 S/_________________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/________________________ BUCK LATTIMORE CHAIRMAN
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1