DAVID MILLARD, EMPLOYEE, PLAINTIFF v. HOFFMAN, BUTLER & AS-
SOCIATES, EMPLOYER; HOME INDEMNITY CO., CARRIER, DEFEND-
ANTS

No. 7528IC909

(Filed 5 May 1976)

1. **Master and Servant § 50— workmen's compensation — independent contractor defined**

   An independent contractor is defined as a person who exercises an independent employment and contracts to do certain work accord-

ing to his own judgment and method without being subject to his employer except as to the result of his work.

2. **Master and Servant § 50— workmen's compensation — surveyor as independent contractor — conclusion of Industrial Commission supported by findings**

Findings of fact by the Industrial Commission that plaintiff did survey work for defendant employer, that defendant had no right of control with respect to the manner or method plaintiff chose to do the work, and that plaintiff contracted to be paid a fixed fee for a, final work project were sufficient to support the Industrial Commission's conclusion that plaintiff was an independent contractor.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 24 June 1975. Heard in the Court of Appeals 8 March 1976.

This action arose out of an accident which occurred on 23 November 1971 while claimant was running survey lines on a land development project known as Connestee Falls, near Brevard, North Carolina. Claimant was struck in the eye by a stick, and as a result he lost total sight in the injured eye.

The cause was originally heard in Asheville on 4 June 1973, before C. A. Dandelake, Commissioner. The evidence presented at the hearing established that the claimant and Keith Bradburn worked together as a survey crew, doing survey work for Hoffman, Butler & Associates. The claimant and Bradburn were paid by the footage (11¢ per foot) rather than by the hour as the other suveyors employed by Hoffman were paid. As compensation for their work the claimant and Bradburn were paid one check for the total value of their work, with no deduction for income tax withholding or social security, and neither man received a W-2 form from Hoffman, Butler and Associates. The claimant testified that Hoffman would control which particular section to survey but not "how to run the line."

The Commissioner concluded that the North Carolina Industrial Commission had no jurisdiction because claimant was an independent contractor and dismissed the claim. Claimant appealed to the Full Commission. On 6 May 1974 the Full Commission set aside the opinion and award of Commissioner Dandelake and remanded it for further hearing. Hearing was held before Commissioner A. E. Leake 25 June 1974, and the matter was remanded to Commissioner Dandelake for opinion and award. On 28 August 1974 Commissioner Dandelake entered his opinion and award, and again held that the North Carolina

Industrial Commission did not have jurisdiction over the matter because the plaintiff-claimant was not an employee under the Act. From this opinion and award the plaintiff-claimant appealed once more to the Full Commission. Upon the hearing of the appeal, and arguments, the Full Commission adopted the opinion and award of Commissioner Dandelake of 28 August 1974 as the final determination of the North Carolina Industrial Commission. From the Final Determination adopting Commissioner Dandelake's opinion and award of 28 August 1974, the plaintiff-claimant appeals to this Court.

*Richard B. Ford for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms, Kellam and Feerick, by Philip R. Hedrick and Edward L. Eatman, Jr., and J. A. Gardner III, for defendant appellees.*

ARNOLD, Judge.

The Commissioner's conclusions of law were based upon findings of fact substantially as follows:

(1) Plaintiff and Bradburn had worked with Hoffman for about three weeks when the injury occurred. Plaintiff was an experienced surveyor, though not registered, and he and Bradburn worked as a team.

(2) Plaintiff and Bradburn had an oral contract with Hoffman. They were to stake out lots at a price of eleven cents per foot, which compensation was to be divided between plaintiff and Bradburn. The lots and streets to be staked were indicated by one of Hoffman's supervisors from a map, and the two men reported the amount of footage they ran. No social security or income tax was withheld, and no W-2 forms were issued to plaintiff and Bradburn.

(3) Hoffman's supervisor assigned work to eight different crews working on the project. Except for Millard and Bradburn all the crews worked on an hourly basis.

(4) Mr. Hoffman testified that he knew plaintiff and Bradburn, and that plaintiff approached him with regards to subcontracting work by the foot, and that "each of them wanted to be his own man," and that they worked for several weeks on the project.

(5) Plaintiff and his partner were engaged in an independent occupation. They used their own special skills, knowledge and training, and they did the work at a fixed price. They were not subject to discharge because of the method of work they selected, and they were free to choose their own time to do the work. They were not regularly employed by Hoffman.

(6) An employer-employee relationship did not exist. Plaintiff was an independent contractor and while so engaged he lost the eyesight in his right eye as a result of being struck in the eye by a stick.

Plaintiff-claimant concedes that the findings made by the Commissioner are "reasonably based on the evidence adduced at the hearings and the fundamental facts and circumstances of the case." He contends that the conclusions of law are not supported by the findings, and that is the only argument presented for consideration in this appeal.

[1] An independent contractor is defined as a person "who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work. *Perley v. Paving Co.,* 228 N.C. 479, *supra.* When one undertakes to do a specific job under contract and the manner of doing it, including employment, payment and control of persons working with or under him, is left entirely to him, he will be regarded as an independent contractor unless the person for whom the work is being done has retained the right to exercise control in respect to the manner in which the work is to be executed. *Denny v. Burlington,* 155 N.C. 33, 70 S.E. 1085. The test is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing the work, as distinguished from the right merely to require certain definite results conforming to the contract." *McCraw v. Mills, Inc.,* 233 N.C. 524, 526-527, 64 S.E. 2d 658 (1951).

[2] The Commissioner's findings of fact, adopted by the Full Commission, support the conclusion that claimant was an independent contractor. Hoffman, Butler and Associates had no right of control with respect to the manner or method claimant chose to do the work, and he contracted to be paid a fixed fee for a final work project. *McCraw v. Mills, Inc., supra; Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280 (1965) ; *Richards v.*

*Nationwide Homes,* 263 N.C. 295, 139 S.E. 2d 645 (1965);
*Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137 (1944).

The opinion and award of the Industrial Commission is

Affirmed.

Judges MORRIS and MARTIN concur.