***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The carrier on the risk is Travelers Insurance Company.
2. The average weekly wage is $495.00, yielding a weekly compensation rate of $330.00.
3. The date of the alleged injury is 4 July 2000.
4. The parties are bound by the North Carolina Workers' Compensation Act.
 ***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 47 years old with a fifth grade education. He has worked primarily as a carpenter most of his adult life, beginning his employment with defendant-employer in 1998 or 1999.
2. Defendant Charles Crisp owns and operates Crisp Construction Company as an unincorporated business. Defendant-employer is engaged in the business of setting up trade shows such as the Charlotte Christmas Show and also purchasing, remodeling and selling private residences.
3. Defendant-employer contends that plaintiff was a sub-contractor. The evidence of record shows that Defendant-employer paid plaintiff an hourly rate of $15.00, and that plaintiff was paid weekly by check. Defendant-employer provided all the major tools and equipment used by plaintiff in his job. Defendant-employer told plaintiff what to do on the various projects upon which he was assigned to work. Defendant-employer purchased a workers' compensation policy to cover his employees. Plaintiff did not work for anyone else during the several years he was employed by defendant-employer. Plaintiff never negotiated a lump sum on any of these projects, but was paid weekly pursuant to a flat hourly rate. Defendant-employer did not withhold taxes or Social Security, did not provide a W-2 form to plaintiff, nor did defendant-employer ever provide plaintiff with a 1099 form. Defendant-employer hired as many as 30 other individuals, paid them all by the hour on a weekly basis by check from his company and provided the tools and materials for these employees to carry out the various projects that defendant had contracted to perform. While defendant may not have supervised all of his employees as to the details of their work, defendant did direct the employees as to what projects they were to work.
4. Defendant Crisp testified that his son worked for defendant-employer in the same manner as plaintiff and defendant-employer's other employees. He was paid hourly, used the company's tools and was subject to the same directions as to job supervision by defendant-employer. However, when Defendant Crisp's son was injured on the job, defendant-employer filed a workers' compensation claim on his behalf and the son was awarded benefits based on an injury to an employee.
5. The Full Commission finds as fact that plaintiff and his co-workers were employees of defendant-employer and not subcontractors.
6. On 4 July 2000, plaintiff and five other employees were remodeling a private residence in Gaston County, North Carolina, on behalf of defendant-employer. Each day, defendant-employer would leave a "to do" list on the counter for plaintiff and the other employees to follow. On 4 July 2000, plaintiff was helping two other employees carry a pre-fabricated wooden deck section to attach to the residence when he stumbled over a concrete block upon which the deck was to be placed. Plaintiff heard a pop in his lower back and felt a burning sensation. The incident happened shortly after lunch, and although plaintiff remained on the job for the rest of the day, he did not do any further work.
7. Plaintiff attempted to treat the injury by soaking in a hot tub that evening, but the pain and stiffness in his lower back continued and increased through the night. The next morning, plaintiff's wife took him to an emergency room. The records of the emergency room of Piedmont Medical Center in Rock Hill, South Carolina show that plaintiff appeared there complaining of back pain brought on by carrying a deck and feeling a pop in his back. Plaintiff was diagnosed with a back strain and spasm, and was treated conservatively. He was written out of work for five days until 19 July 2000, then released to return to work without specific restrictions.
8. Within a matter of days defendant-employer was aware that plaintiff had injured his back on the job.
9. Within a few days following the injury by accident, plaintiff returned to work for defendant-employer; however, due to his ongoing back pain he was not able to carry out many of his prior activities. Defendant-employer authorized plaintiff to hire additional personnel to help assist him in carrying out his job. Plaintiff did so and these individuals were hired and paid by defendant-employer on an hourly basis. Plaintiff continued to work for defendant-employer up until the end of April, 2001, when his pain had increased to the point where he could no longer carry out his job. Plaintiff has not worked for defendant-employer or for anyone else due to his pain in his lower back since 1 May 2001.
10. On 26 January 2001, plaintiff told his family doctor, Dr. Donald Shuler, that he was having increased pain and difficulty with his back. He related it to the incident which had occurred the previous July. Dr. Shuler subsequently referred plaintiff to Dr. William McCarthy, an orthopedic surgeon, for back pain. Dr. McCarthy in turn, referred plaintiff to Dr. Edward Hanley of Carolinas Medical Center, Orthopaedics Department. Dr. Hanley saw plaintiff on 30 March 2001, and began to treat him for his back injury sustained in the accident of 4 July 2000.
11. Dr. Hanley performed a decompression laminectomy at L5-S1 and a posterior lateral fusion at L5-S1 with Steffee instrumentation and left iliac crest bone graft on 30 May 2001. Dr. Hanley continues to treat plaintiff.
12. Dr. Hanley is of the opinion that the incident of 4 July 2000 most likely caused the increase of pain and discomfort which plaintiff experienced thereafter. Plaintiff had three prior back surgeries at the same level as the surgery performed by Dr. Hanley. These surgeries were prior to plaintiff's injury by accident on 4 July 2000. Dr. Hanley opined that the incident of 4 July 2000 exacerbated the preexisting lumbar disc problems from which plaintiff suffered. Dr. Hanley further opined that the surgery of 30 May 2001 was appropriate and was necessitated as a direct result of the injuries received by plaintiff on 4 July 2000. Dr. Hanley was also of the opinion that the incident of 4 July 2000 aggravated or exacerbated a problem in plaintiff's lumbar spine, specifically of the spinal column and disc at L5-S1; that there is a residual disc between L5-S1 that is the source of plaintiff's continued chronic pain; that plaintiff was justified in being out of work since 1 May 2001 and that plaintiff has not reached the point of maximum medical improvement and may need further surgery and treatment.
13. Defendants' sole basis for contesting plaintiff's claim is that plaintiff was an independent contractor and not an employee; therefore, plaintiff was not entitled to workers' compensation benefits under defendant-employer's policy. The greater weight of the evidence demonstrates that defendant-employer attempted to avoid providing workers' compensation coverage to some of its employees. Defendant-employer knew that it was required under the Act to carry workers' compensation insurance on plaintiff. Accordingly, defendants' defense of plaintiff's claim was without reasonable ground.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant on 4 July 2000 as a direct result of the work assigned, which aggravated or exacerbated a pre-existing condition requiring surgery. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's failure to provide formal, written notice of the accident is reasonably excused and defendants were in no way prejudiced by this delay. N.C. Gen. Stat. § 97-22.
3. Based upon the evidence that plaintiff was under the regular employ of defendant-employer and that defendant-employer provided tools, assigned jobs, exercised control over when and how jobs were performed and paid plaintiff an hourly wage rather than a fixed price for work performed, plaintiff was an employee of defendant-employer at the time of his injury by accident. See Millard v. Hoffman, Butler Assocs.,29 N.C. App. 327, 224 S.E.2d 237, disc. review denied, 290 N.C. 551,226 S.E.2d 510 (1976). Further, the other members of the crew working with plaintiff were also employees of defendant-employer and not subcontractors. Id. Therefore, defendant-employer was required to obtain workers' compensation insurance on plaintiff's behalf and is liable to plaintiff for injuries received which arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-9.
4. As a result of his 4 July 2000 work-related injury, plaintiff remains temporarily totally disabled and has not reached the point of maximum medical improvement. Plaintiff has been temporarily totally disabled since 1 May 2001. Accordingly, plaintiff is entitled to temporary total disability compensation in the weekly amount of $330.00, beginning on 1 May 2000 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
5. Plaintiff's surgery by Dr. Hanley on 30 May 2001, was appropriate and causally related to the back injury sustained by plaintiff on 4 July 2000. Therefore, plaintiff is entitled to the payment by defendants of all treatment, past and in the future including the 30 May 2001 surgery, which is related to plaintiff's compensable injury by accident of 4 July 2000. N.C. Gen. Stat. § 97-25.
6. Because defendants' defense of plaintiff's claim was without reasonable ground, plaintiff is entitled to reasonable attorney's fees to be paid by defendants. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation in the amount of $330.00 per week directly to plaintiff for the time period beginning 1 May 2001 and continuing until further Order of the Industrial Commission. The portion of this amount that has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee approved below.
2. Defendants shall pay for the medical treatment incurred as a result of the 4 July 2000 compensable injury including the treatment provided by the Piedmont Medical Center and Dr. Edward Hanley, Jr., including surgery. Defendants shall continue to pay all future medical treatment recommended by Dr. Hanley reasonably related to plaintiff's injury.
3. Plaintiff's counsel is entitled a reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above. Because defendants defended plaintiff's claim without reasonable ground, defendants shall pay to plaintiff counsel an amount equal to one fourth of the lump sum due plaintiff without deduction from plaintiff's award. Thereafter, defendants shall deduct every fourth weekly check from plaintiff's award of ongoing compensation and pay it directly to plaintiff's counsel.
4. Defendants shall pay the costs, including an expert witness fee of $335.00 to Dr. Edward Hanley.
5. This claim shall be referred to the Fraud Section of the Industrial Commission for further investigation of defendant-employer's practice of designating employees as independent contractors.
This the ___ day of April, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER