LEWIS H. JOHNSON v. ASHEVILLE HOSIERY COMPANY AND MARYLAND CASUALTY COMPANY.

(Filed 16 June, 1930.)

1. **Master and Servant D a, F b—Workman under direction of employer is not independent contractor and Compensation Act applies.**

An independent contractor is one who is to complete the subject-matter of his contract under the terms thereof independently of direction or control of the other party to the contract as to the manner or method by which the work is to be accomplished, and where a person claiming compensation under the Workmen's Compensation Act is injured while doing work under the direction of the employer as the work progressed he may not be denied his claim upon the ground that he was an independent contractor at the time of his injury.

2. **Master and Servant F a—Workmen's Compensation Act should be liberally construed.**

The Workmen's Compensation Act is to be construed liberally to effectuate the broad intent of the act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose.

3. **Master and Servant F b—In this case held: employment was in furtherance of general business and was not casual, and Compensation Act applied.**

The restriction of the Workmen's Compensation Act excluding injuries sustained in casual employment will not exclude an applicant under the provisions of the act when he sustains injuries in the course of the general trade, business etc., of the employer and material or expedient therein, and the painting of the interior of a machine room to give the employees therein a better light or for the protection of the permanent structure is not a casual employment and is one in the general course of business, and the Workmen's Compensation Act applies to an injury received by a workman engaged in such painting.

4. **Same—Although employment is casual Compensation Act applies if the employment is in furtherance of the general business, trade, etc.**

Section 14(b) of the Workmen's Compensation Act providing that the act shall not apply to casual employees, is not totally repugnant to section 2(b) providing for compensation for an injury to an employee while "in the course of the trade, business," etc., and an employee is entitled to compensation even if the employment is casual if he is injured in the course of the trade, business, etc.

CIVIL ACTION, before *Sink, Special Judge,* at April Term, 1930, of BUNCOMBE.

The plaintiff filed a claim with the Industrial Commission under the Workmen's Compensation Act for injuries sustained in falling off a scaffold while engaged in painting a factory of the defendant. The

plaintiff was a painter and was called by the defendant to repair a spray gun at its plant. While performing this work the plaintiff was employed to paint the ceiling of the factory of defendant at an agreed price of $1.25 per hour. The defendant furnished the paint and a helper. No time was fixed in which the work was to be completed. The room in which the plaintiff was painting the ceiling was occupied by machinery and used in the regular business of defendant. It was advisable to paint the ceiling white in order to afford more light in the room. The evidence tended to show that the defendant told the plaintiff "when to paint and where," and furthermore, that the defendant had the right under the verbal contract to discharge the plaintiff at any time the work was not progressing to its satisfaction. Mr. Baer, an official of the defendant, was asked the following question: "Do you consider painting the mill as incidental to your operating, that is, in the course of your business as a hosiery manufacturer?" The witness answered: "Yes, sir, it would be a part of the maintenance of the mill the same as it is necessary to keep the roof repaired. It is not absolutely necessary that the ceiling be painted and kept painted in a light color in order to afford the proper light for the employees, but it is better. It also protects the ceiling; like the roof and girders, it is subject to the actions of the elements." There was evidence to the effect that it would require about four days to complete the work.

The cause was heard by Commissioner Dorsett and an award made.

Upon appeal to the Full Commission it was found as a fact "that on 14 July, 1929, the plaintiff was injured, the said injury resulting from an accident arising out of and in the course of certain employment." The Full Commission affirmed the award and there was an appeal to the Superior Court. The judge of the Superior Court affirmed the judgment and award of the Industrial Commission, from which judgment the defendant appealed.

*Lee & Lee for plaintiff.*
*J. C. Cheesborough for defendant.*

BROGDEN, J. Two questions of law are presented by the record:

1. Was the plaintiff an independent contractor and therefore not entitled to compensation?

2. Was the employment "both casual and not in the course of the trade, business, profession or occupation of his employer?"

Upon the facts appearing in the record, the first question of law must be answered in the negative. "An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods and without

being subject to his employer except as to the results of the work and who has the right to employ and direct the action of the workmen, independently of such employer and freed from any superior authority in him to say how the specified work shall be done or what the laborers shall do as it progresses." *Greer v. Construction Co.,* 190 N. C., 632, 130 S. E., 739. The principle thus announced is amply supported by the authorities assembled in the *Greer case, supra.*

In the case at bar the employer directed the progress of the work and reserved control of the plaintiff and other workmen. These facts exclude the theory of independent contractor.

The second question of law involves the construction of section 2(b) of the Compensation Act. Said section undertakes to define the word employment and specifically excludes from the operation of the act "persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer," etc. By virtue of the express terms of the statute, in order to exclude an employee, his employment must be casual, and in addition thereto, not in the course of the business of the employer. In other words, even if the employment be casual, the employee is not deprived of the benefits of the act if the employment is in the course of the business of the employer. It is further provided in section 60 that the award of the Commission "shall be conclusive and binding as to all questions of fact." However, errors of law are reviewable.

It is generally held by the courts that the various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation. Hence it is generally held that provisos excluding an employee from the broad and comprehensive definition of such term ought to be strictly construed in order that the predominating purposes of the act may be fully effectuated. *National Cast Iron Pipe Co. v. Hegginbotham,* 112 Southern, 734; *Eddington v. Northwestern Bell Telephone Co.,* 202 N. W., 374.

Appellate courts throughout the nation have adopted divergent views in interpreting the word "casual" and the words "course of the trade, business, profession or occupation of his employer." These views, however, are produced by the variable wording of given statutes. In some instances, if the employment is casual, the injured employee is not entitled to the benefits of the statute. In others, if the employment is not in the course of the employer's business, the injured employee is not entitled to the benefits of the statute. However, under the terms of our statute, in order to exclude an employee, the employment must be "both casual and not in the course of the trade, business," etc.

The Virginia Court in *Hoffer Bros. v. Smith,* 138 S. E., 474, said: "The test is the nature of the employment and not the nature of the contract. An employment cannot be said to be casual where it is in the usual course of the trade, business, or occupation of the employer. But it is casual when not permanent nor periodically regular, but occasional or by chance, and not in the usual course of the employer's trade or business." It has also been generally held that the kind of work done and not the duration of service is the determining factor. So that, if the work pertains to the business of the employer and is within the general scope of its purpose, the employment is not of a casual nature, although the hiring be for only a short period of time. *De Carli v. Business Warehouse Co.,* 140 Atl., 637. Thus it has been held that making repairs on a building owned by a creamery is within the usual course of the business of the employment, and, therefore, compensable. *Gross et al. v. Industrial Commission,* 167 N. W., 809. Furthermore, it has been held that even though the employment is casual, the injury is compensable if occurring within the course of the employer's business. *Pershing v. Citizens' Traction Co.,* 144 Atlantic, 97; *Hoshiko v. Industrial Commission,* 266 Pac., 1114; *Pfister v. Doon Electric Co.,* 202 N. W., 371.

In the case at bar the defendant was operating a factory for manufacturing hosiery and used machinery therein for such purpose. In order to facilitate the work and to render the machine-room reasonably safe for operatives, it was necessary to perfect the lighting arrangement of the room. It was conceived that the painting of the ceiling of the room in white or a light color would add to the safety and facility of operation. The defendant, as an employer of labor, was bound in the exercise of reasonable care to furnish light for the operation of machinery. Whether he furnished the necessary light by means of electricity or by painting the ceiling, or both, was immaterial so far as plaintiff was concerned, if, as a matter of fact, at the time of his injury, he was engaged in an employment incident to the proper operation of the factory. An official of the defendant testified that he considered "painting the mill as incidental to operation," and, as such, it would be a part of the maintenance of the mill, "the same as it is necessary to keep the roof repaired."

Even though it be conceded that the employment of the plaintiff was casual, he is not precluded from the benefits of the Compensation Act unless it should also appear that he was not engaged in the course of the trade, business, profession or occupation of his employer. The Industrial Commission found as a fact that the plaintiff was engaged in the course of the employer's business, and there is evidence in the record to support such finding. In such event, whether the Appellate Court agrees with

the conclusion of the Commission or not, the finding of such fact is conclusive, by express declaration of the statute.

Moreover, the *Higginbotham case, supra,* is a direct authority for the award made by the Industrial Commission. In that case the defendant operated a large industrial plant and owned about 101 houses for the use of employees. It kept no regular force of painters, but only repaired and painted as deterioration necessitated. The plaintiff was employed by the day and was injured as a result of the falling off a ladder upon which he was standing. The Alabama Compensation Act by express terms did not apply to "persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession or occupation of the employer," etc. Thus the Alabama act is practically identical with the North Carolina statute. The Court held that the injured employee was performing the incidental and necessary repair work on the employer's house, and, therefore, entitled to the benefits of the Compensation Act.

Section 14(b) of the North Carolina Compensation Act provides that "this act shall not apply to casual employees, farm laborers," etc. This section, however, is not totally repugnant to section 2(b) for the reason that even if the employment be casual the employee is still entitled to compensation if he was injured while "in the course of the trade, business, profession or occupation of his employer," etc.

Upon the whole record we are of the opinion that the award was properly made, and the judgment is