## BERRY v. ATLANTIC GREYHOUND LINES.
### No. 4156.

District Court, E. D. South Carolina.
Nov. 30, 1939.

J. C. Long and Arthur Rittenberg, both of Charleston, S. C., for plaintiff.

Tobias & Turner, of Columbia, S. C., and Waring & Brockinton, of Charleston, S. C., for defendant.

MYERS, District Judge.

This matter comes before me on motion of the defendant, duly noticed, to dismiss this cause upon the ground that the plaintiff is without authority of law to prosecute the same in this forum. The facts pertinent to a proper determination of the question of law presented by the said motion were agreed to between counsel. A full argument of the matter was had before me and upon due consideration I find and conclude as follows:

I find as matters of fact necessary to a decision of the question before me the following facts as set out in the stipulation of counsel, to wit:

"That, on or about April 15th, 1937, a large passenger bus of the defendant, Atlantic Greyhound Lines, while en route to Walterboro, South Carolina, accidentally broke down and that the said bus was towed or pulled into Walterboro; thereupon the driver of the bus called upon the Breland Chevrolet Company to repair the bus and the Breland Chevrolet Company sent the plaintiff, J. L. Berry, to repair the bus. The plaintiff was an employee of the Breland Chevrolet Company, who operated a garage in Walterboro. After the plaintiff commenced working on the bus a terrific explosion took place in the engine, and the plaintiff was thereby seriously injured.

"It is admitted that the Breland Chevrolet Company carried workmen's compensation insurance, under the South Carolina Workmen's Compensation law, covering its employees. It is also admitted that the Atlantic Greyhound Lines had accepted and qualified under the provisions of the South Carolina Workmen's Compensation Act.

"The plaintiff claims that the explosion resulting in his injuries was due to the negligence, recklessness and wilfulness of the defendant, the Atlantic Greyhound Lines. The defendant denies this, but asserts that even if the explosion was due to its negligence, recklessness and wilfulness, yet the plaintiff is not entitled to bring this action at common law against the defendant, but that his only remedy is to apply for compensation under the Workmen's Compensation Law."

It is urged by the defendant that the provisions of the Workmen's Compensation Act of South Carolina, Act No. 610, Acts of South Carolina 1935, 39 St. at Large, p. 1231 et seq., as amended, and particularly Section 19 thereof, present a bar to the plaintiff's cause at common law, and counsel directs my attention to the case of Marchbanks v. Duke Power Company, 190 S.C. 336, 2 S.E.2d 825, for a construction of the Act applicable to the facts in this case. There can be no question but that this court is bound by the construction

of the statute placed upon it by the Supreme Court of South Carolina. The Marchbanks case, as necessary to its decision, construes Section 19(a) of the Act, which reads as follows:

"Where any person (in this section referred to as 'owner'), undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

"Where any person (in this section referred to as 'contractor') contracts to perform or execute any work for another person, which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if that workman had been immediately employed by him.

"Where the subcontractor, as the term is hereinbefore used, in turn contracts with still another person (in this section also referred to as 'subcontractor') for the performance or execution by or under such last subcontractor of the whole or any part of the work undertaken by the first subcontractor, then the liability of the owner or contractor, as those terms are hereinbefore used, shall be the same as the liability imposed by the preceding paragraphs of this subsection.

"Where compensation is claimed from or proceedings are taken against the owner or contractor, as those terms are hereinbefore used, then, in the application of this Act reference to the owner or contractor shall be substituted for reference to the subcontractor, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the subcontractor by whom he is immediately employed."

The effect of the decision is clearly to hold that where an owner contracts with any other person (referred to as subcontractor) for the performance of any work which is part of the owner's trade, business or occupation, he shall be liable in compensation to any injured employee of such subcontractor who shall receive injury in and about such trade, business or occupation to the same extent as he would have been liable had such injured employee been immediately employed by him. In this cause we have the defendant, Atlantic Greyhound Lines, standing in the position of owner, being engaged in the business of transportation by motor vehicles of persons for hire, a part of whose essential trade, business and occupation is to keep and maintain such buses, or motor vehicles, in good and safe repair; and we have the further fact that such defendant, as stated, is, and was, qualified and operating under the provisions of the Act. Under the facts we have the subcontractor, Breland Chevrolet Company, engaged by the defendant to undertake a work of repair upon a disabled regular bus of the defendant; and the further fact that the plaintiff, as an employee of Breland Chevrolet Company, received injury in and about such work of repair. Under the conclusion reached in the Marchbanks case this court can reach no conclusion other than that the plaintiff is bound by the terms of the Act. In the Marchbanks case Section 11 of the Act is cited by the court to the effect that the remedies provided by the Act are exclusive (though Section 11 is not further construed, which might have been desirable); and it, therefore, necessarily follows that the plaintiff is limited to his rights under the Act and that this action must fall.

It is urged before me by counsel for the plaintiff that under the Marchbanks case the operation of the Act under any case like the instant matter is limited by those considerations which would apply if the plaintiff had been immediately employed by the defendant; that the employment of the plaintiff, being but for one particular work of repair, must be considered as casual and, therefore, within the excluding provision of Section 14(b) of the Act. Section 14(b) of the Act provides that it shall not apply to "casual employees", but this must be read in connection with the definition of employee stated in Section 2(b) of the Act, to wit: "The term 'employee' means every person engaged in an employment under

any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, but excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, * * *."

 There is a diversity of decision as to the meaning of the word "casual" when used in excluding provisions of Workmen's Compensation Act, but I think the better view, where the statutory provisions do not otherwise expressly provide, is that the same should be tested by a consideration of whether or not the employment is in the course of the trade, business, profession or occupation of the employer, rather than with relation to the time or manner of the making of the contract. It appears that the South Carolina Workmen's Compensation Act is in many essential respects a counterpart of that in force for a number of years in the neighboring State of North Carolina, and this view of the meaning of the term "casual" is that which has been followed by the Supreme Court of that State under wording similar to the provisions of Sections 14(b) and 2(b) of the South Carolina Act. Johnson v. Asheville Hosiery Company, 199 N.C. 38, 153 S.E. 591. It appears likewise clear by intendment that this view of the term "casual" as used in the Act must follow from the Marchbanks case, for it is there made necessary to the operation of the Act that the work of the employment of the injured employee shall be in the course of the trade, business or occupation of the owner. I can but conclude that it is essential to the trade, business and occupation of the defendant that its buses shall be kept in repair, and that the plaintiff, being engaged in and about such work, cannot be considered as a casual employee of the defendant within the meaning of the Act.

There is before this court a motion on behalf of Columbia Casualty Company to be made a party defendant to this action. In view of the conclusion which I have reached in this matter I do not deem it necessary to pass upon this motion.

It is therefore ordered, adjudged and decreed that the motion of the defendant be, and the same hereby is, granted, and the complaint herein be, and the same hereby is, dismissed.