Boyd v. Mitchell

———————

HOWARD LEE BOYD, EMPLOYEE, PLAINTIFF v. DAVID MITCHELL AND/OR BANNER-MITCHELL WAREHOUSE, EMPLOYER SOUTH CAROLINA INSURANCE CO., CARRIER, DEFENDANTS

No. 7910IC1019

(Filed 5 August 1980)

Master and Servant §§ 54, 56– farm laborer – injury while doing work incident to warehouse business

The Industrial Commission properly determined that plaintiff's accident was covered by a policy of worker's compensation issued to a warehouse business where the Commission found that plaintiff was employed by the warehouse owner primarily to do farm work; that at the time plaintiff was injured he was moving logs out of the owner's field so that they could be taken to a sawmill and cut into timber for use in a fence at the warehouse; and that plaintiff's work, although casual to the warehouse business, was incident thereto.

APPEAL by defendants from order of North Carolina Industrial Commission entered 9 May 1979. Heard in the Court of Appeals 18 April 1980.

On 29 March 1976, defendant David Mitchell owned several businesses: (1) the Banner-Mitchell Warehouse; (2) a fertilizer business; (3) an insurance agency; and (4) a farming operation. South Carolina Insurance Company had issued a compensation policy covering David Mitchell trading as Banner Warehouse, On 24 March 1976, the plaintiff began working for David Mitchell at $2.50 an hour. On 29 March 1976 he was moving logs out of a field owned by David Mitchell. The logs were to be taken to a sawmill and cut into timber to be used in building a fence at the Banner Mitchell Warehouse. He was in an accident which caused his left leg to be amputated.

A hearing was held before Deputy Commissioner Ben E. Roney, Jr. who found (1) that plaintiff's employment was primarily farm related and in such other capacity as required of him; (2) that on 29 March 1976 the plaintiff was logging which was not a duty involving a farming or agricultural operation although incident to clearing farm land; (3) this activity was casual to the business of the Banner-Mitchell Warehouse but was incident thereto; and (4) plaintiff was employed by David Mitchell as opposed to the Banner-Mitchell Warehouse and was injured by accident arising out of and in the course of employment with David Mitchell. Based on these findings, Deputy Commissioner Roney awarded compensation to the plaintiff. The Industrial Commission adopted the opinion and award.

The defendants appealed to this Court.

*Bobby W. Rogers for plaintiff appellee.*

*Johnson, Patterson, Dilthey and Clay, by I. Edward Johnson and Robert W. Sumner, for defendant appellants.*

MARTIN (Robert M.), Judge.

We affirm the decision of the Industrial Commission. *Johnson v. Hosiery Co.*, 199 N.C. 38, 153 S.E. 591 (1930) holds that

under G.S. 97-2 an accident is compensable if it happens in employment incident to the proper operation of a business although the employment is casual. Deputy Commissioner Roney found facts to the effect that the plaintiff was employed by David Mitchell primarily to do farm work, that at the time he was injured he was engaged in logging which was incidental to repairing Banner-Mitchell Warehouse. He concluded from this that the work although casual was incident to the warehouse business and was covered by workmen's compensation. Based on these findings of fact, we hold this conclusion was correct.

The defendants contend it was error for Deputy Commissioner Roney to find the plaintiff was engaged in logging and not agriculture when he was removing the logs from a farm field. He cites cases from other jurisdictions the language of which indicates that if timber is being removed to provide a field for farming, the work is agricultural. In the case *sub judice*, there was evidence that the logs were being removed for the purpose of repairing the warehouse. This evidence supports the finding of fact that the plaintiff was engaged in logging not agriculture.

The defendants also contend the Industrial Commission should be reversed because there was a finding of fact that the plaintiff's principal employment was primarily farm related and there was no evidence that David Mitchell's farm operations were subject to the jurisdiction of the Industrial Commission. Deputy Commissioner Roney found facts which were affirmed by the Industrial Commission from which it was concluded that the plaintiff's injury arose out of and was in the course of employment for David Mitchell doing business as Banner-Mitchell Warehouse. It was not necessary to find facts which would support the jurisdiction of the Industrial Commission as to other businesses of David Mitchell.

The defendants also contend that the workmen's compensation policy written by South Carolina Insurance Company does not cover this accident. The policy names the insured as "David J. Mitchell, individual, trading as Banner Warehouse." The exclusions in the policy are "if the insured has, under the workmen's compensation law, other insurance for

such operations or is a qualified self-insurer therefor." David Mitchell did not have other coverage for this accident and was not a qualified self-insurer. The policy issued by South Carolina Insurance Company covers the accident in the case *sub judice*.

Affirmed.

Judges WEBB and HILL concur.