Under appropriate circumstances, work-related depression or other mental illness may be a compensable occupational disease. See Jordan v. Central PiedmontComm. College, 124 N.C.App. 112, 476 S.E.2d 410
(1996). However, the claimant must prove that the mental illness or injury was due to stresses or conditions different from those borne by the general public. SeeWoody v. Thomasville Upholstery, Inc., 355 N.C. 483,562 S.E.2d 422 (2002) (adopting dissent in146 N.C.App. 187, 202, 552 S.E.2d 202, 211 (2001)); and Lewis v. Duke University, 163 N.C. App. 408,594 S.E.2d 100 (2004). Thus, the claimant must establish both that her psychological illness is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment and that it is not an ordinary disease of life to which the general public is equally exposed. Id.
The majority, in applying the above standard, found that plaintiff's mental conditions were not causally related to her duties as a school teacher for defendant-employer, and thus not occupational diseases. However, the majority has erred in ignoring the credible evidence of record establishing that plaintiff's mental conditions were a consequence of the hostile and abusive environment that she experienced daily in her classroom. In finding that plaintiff has failed to prove that she sustained an occupational disease despite the credible evidence of record to the contrary, the majority has created a presumption that any type of mental injury causally related to typical work-related stress cannot be compensable no matter how great or severe that stress may be. The majority fails to consider that typical work-related stress can exceed a threshold in which it surpasses the normal level of work-related stress as borne by the general public.
The evidence of record shows that plaintiff was exposed to a high degree of stress in her classroom that exceeded what one would term as typical work-related stress. Plaintiff testified that her students verbally and physically harassed and intimidated her on a near daily basis. Plaintiff's students regularly called her a "grease monkey" and a "bitch," and would purposefully mispronounce her last name, "Hassell," as "asshole." Students would regularly walk out plaintiff's classroom without permission and would write rude remarks regarding plaintiff in their books. Plaintiff often had spitballs and wads of paper thrown at her by her students. A student once threatened to "bash" plaintiff's head with a desk, and plaintiff was actually hit in the back of her head by an object thrown by a student during an assembly. Plaintiff testified that, though the school administration was aware of these problems and events, she did not receive their support in preventing such occurrences.
Plaintiff's treating psychologist, Dr. Dennis Chestnut, testified that plaintiff's "job was driving her crazy" and was a major stressor in her life. He further opined that plaintiff's employment with defendant exposed her to an increased risk of developing an anxiety disorder as compared to members of the general public not so employed. Despite this credible evidence of record, the majority assigned little weight to the opinions of Dr. Chestnut. It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v.South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111
(1937), cited with approval in Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In the present case, the testimony of plaintiff's treating psychologist should be given greater weight so as to ensure that the evidence is viewed in the light most favorable to plaintiff. Id.
As the North Carolina Supreme Court stated in Johnsonv. Asheville Hosiery, Co., 199 N.C. 38, 153 S.E. 591
(1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. Based on the majority's application of Woody and Lewis as they relate to N.C. Gen. Stat. § 97-53(13), the majority has erred in failing to award compensation to plaintiff, despite the credible evidence of record that it was work-related stress, and such stress alone, that caused plaintiff to develop her psychiatric conditions. This Commission cannot idly permit employers to subject employees to abnormal and severe levels of stress without recognizing that typical work-related stress can exceed a threshold in which it surpasses the normal level of work-related stress as borne by the general public. Although the Court of Appeals has continued to uphold Woody in cases such as Lewis, the intent of the Workers' Compensation Act will not be sustained until this Commission, the courts, or the General Assembly finds that injury or disease resulting from severe levels of stress in the workplace can be compensable when supported by credible evidence. For these reasons, I respectfully dissent.
This 26th day of September 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER