Under appropriate circumstances, work-related depression or other mental illness may be a compensable occupational disease. See Jordan v.Central Piedmont Comm. College, 124 N.C.App. 112, 476 S.E.2d 410
(1996). However, the claimant must prove that the mental illness or injury was due to stresses or conditions different from those borne by the general public. See Woody v. Thomasville Upholstery, Inc., 355 N.C. 483,562 S.E.2d 422 (2002) (adopting dissent in 146 N.C.App. 187, 202,552 S.E.2d 202, 211 (2001)); and Lewis v. Duke University,163 N.C. App. 408, 594 S.E.2d 100 (2004). Thus, the claimant must establish both that his psychological illness is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment and that it is not an ordinary disease of life to which the general public is equally exposed. Id.
The majority, in applying the above standard, found that plaintiff's mental conditions, including depression, were not causally related to his duties as a line supervisor for defendant-employer, and thus not occupational diseases. However, the majority has erred in ignoring the credible evidence of record establishing that plaintiff's mental conditions were a consequence of the high work demands placed upon plaintiff, coupled with a low level of discretion in performing his job. In finding that plaintiff has failed to prove that he sustained an occupational disease despite the credible evidence of record to the contrary, the majority has created a presumption that any type of mental injury causally related to typical work-related stress cannot be compensable no matter how great or severe that stress may be. The majority fails to consider that typical work-related stress can exceed a threshold in which it surpasses the normal level of work-related stress as borne by the general public.
The evidence of record shows that plaintiff was exposed to a high degree of stress that exceeded what one would term as typical work-related stress. Plaintiff's treating psychiatrist, Dr. McCauley, testified that plaintiff's working conditions caused plaintiff's depression, and further testified that plaintiff was at a greater risk of developing depression due to the job stressors identified by plaintiff. Moreover, Dr. Noble, who performed an independent medical examination (IME) of plaintiff, testified that plaintiff's working conditions were a causal factor in the development of plaintiff's depression, and further testified that plaintiff's job exposed him to a greater risk of suffering from depression than members of the general public. Despite this credible evidence of record, the majority gave greater weight to the testimony of Dr. Elliot, who also performed an IME of plaintiff, in finding that plaintiff's work-related stressors were not unique to his employment. It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In the present case, where the opinions of two distinguished medical experts are at odds, the testimony of the medical expert that supports plaintiff's position should be given greater weight so as to ensure that the evidence is viewed in the light most favorable to plaintiff. Id.
As the North Carolina Supreme Court stated in Johnson v. AshevilleHosiery, Co., 199 N.C. 38, 153 S.E. 591 (1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. Based on the majority's application of Lewis as it relates to N.C. Gen. Stat. §97-53(13), the majority has erred in failing to award compensation to plaintiff, despite the credible evidence of record that it was work-related stress, and such stress alone, that caused plaintiff to develop his psychiatric conditions. This Commission cannot idly permit employers to subject employees to abnormal and severe levels of stress without recognizing that typical work-related stress can exceed a threshold in which it surpasses the normal level of work-related stress as borne by the general public. Although the Court of Appeals has continued to uphold Woody in cases such as Lewis, the intent of the Workers' Compensation Act will not be sustained until this Commission, the courts, or the General Assembly finds that injury or disease resulting from severe levels of stress in the workplace can be compensable when supported by credible evidence. For these reasons, I respectfully dissent.
This 22nd day of August 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER