The majority erred in denying the plaintiff's claim for disability compensation when the evidence of record supports that the plaintiff suffered a specific traumatic incident arising out of and in the course of his employment on October 29, 2003. Further, as a consequence of such incident, the plaintiff suffered an aggravation of his pre-existing back condition.
The plaintiff, who had a pre-existing back condition, testified that on October, 29, 2003, his employer required him to assist another employee, Ibrihm Delic, with positioning metal sheets on a rack. Though there is some discrepancy as to the actual weight of the metal sheets, it is clear that each weighed a minimum of 27 to 30 pounds. During the course of positioning the metal sheets, the plaintiff testified that while attempting to position one particular metal sheet, the plaintiff and Mr. Delic had to maneuver the metal sheet onto its side. The plaintiff testified: "[B]asically, I pushed it in with my shoulder," and "when we got it up on its side, I felt a sharp pain go from my left-lower back down my leg." The plaintiff further testified that he immediately told his supervisor, who was present at the time of the incident, that he pulled something in his back; however, according to the plaintiff, he was told to continue working. The plaintiff's supervisor, Mr. Reitzel, denies that the plaintiff reported any back pain to him; however, his testimony does in fact corroborate the incident. Mr. Reitzel testified that as the plaintiff and Mr. Delic had the metal sheet on its side, a gust of wind blew in through a nearby door. Mr. Reitzel testified: "And I asked [the plaintiff] to stabilize it, so he walks over beside of Ibrihm and puts his hand on it and stops the wind from blowing it so he could hit the hole." Mr. Reitzel further explained that the plaintiff "pushed the side of it to stabilize it. . . ." Thus, it is clear from the record that the plaintiff was directed by his supervisor to use additional force in stabilizing the metal sheet against the wind while attempting to maneuver the metal sheet into position on the rack.
The plaintiff's treating physicians, Dr. Neal Taub and Dr. Joseph Duncan, both testified that the incident on October 29, 2003, was a substantial aggravation of the plaintiff's pre-existing back condition. The undersigned finds that the totality of the evidence of record, including the testimony of the plaintiff, his supervisor, and his treating physicians, establishes that the plaintiff aggravated his pre-existing back condition as a consequence of a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to him by the defendant-employer. N.C. Gen. Stat. § 97-2 (6); See alsoBradley v. E.B. Sportswear, Inc., 77 N.C. App. 450, 335 S.E. 2d 52
(1985).
As the North Carolina Supreme Court stated in Johnson v. AshevilleHosiery, Co., 199 N.C. 38, 153 S.E. 591 (1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. The majority has erred in failing to award compensation to the plaintiff, despite the credible evidence of record that the plaintiff did indeed experience a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to him by the defendant-employer on October 29, 2003, and that such incident caused an aggravation of his pre-existing back condition. For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 3rd day of March 2006.
 S/ ___________________ CHRISTOPHER SCOTT COMMISSIONER