I respectfully dissent from the Opinion and Award of the majority in this matter. Although an injury sustained by an employee while going to or coming from work does not arise out of and in the course of employment, a limited exception to the "coming and going" rule applies where an employee is injured when going to or coming from work on the employer's premises. Royster v. Culp, Inc., 343 N.C. 279, 281,470 S.E. 2d 30, 31 (1996). The majority in the present case erred in failing to apply the premises exception to the coming and going rule in this matter, thereby creating two disparate classes of employees: (1) those whose employers own the premises in which they work; and (2) those whose employers lease the premises in which they work.
In matters such as the present case, where an employer's premises is not, for the purposes of the Workers' Compensation Act, extended to include parking provided to an employee merely because the employer leased its office or work space, the employee is denied the same protection he would be granted had his employer actually owned the premises on which the injury occurred. An employee does, of course, have a right to seek a civil remedy against the actual owner of the premises, but this remedy does not extend the same protection or benefits that the Workers' Compensation Act was designed to provide to injured employees.
In the present case, the employer was granted use of the parking lot by virtue of its lease. The undersigned would find that an employer who leases its property has a duty to maintain that property for the safety of its employees. The employer in the present case should have taken *Page 9 
steps to remove the unsafe ice that had accumulated in the parking lot or, at the least, taken steps to have the landlord remedy the unsafe situation. The employer's duty to provide safe parking for its employees is a logical extension of the case law.
As the North Carolina Supreme Court stated in Johnson v. AshevilleHosiery, Co., 199 N.C. 38, 153 S.E. 591 (1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. Moreover, it is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl.Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval inAdams v. AVX Corp., 349 N.C. 676, 509 S.E.2d 411 (1998).
For these reasons, I respectfully dissent.
This 20th day of June 2007.
S/_______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1