The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and *Page 2 
upon reconsideration, the Full Commission affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of the parties.
2. Neither of the parties in this action is appearing in a representative capacity.
3. There are no third party defendants or cross claimants.
4. Defendant was uninsured at the time of injury.
5. As a result of plaintiff's fall at work and resulting fracture of his distal radius, plaintiff was totally disabled from February 19, 2005 through April 22, 2005.
6. As a result of plaintiff's fall at work and resulting fracture of his distal radius, plaintiff has sustained a ten percent permanent partial impairment to his right arm.
7. The following were received into evidence at the Deputy Commissioner's hearing and marked as Stipulated Exhibit 1:
 a. Pre-Trial Agreement
 b. Medical and employment records pertaining to plaintiff
 c. Discovery requests and responses
 d. Industrial Commission Forms, Orders, and correspondence
 e. News articles regarding Mike Phillips or Men at Work Car Care Center. *Page 3 
8. The issues before the Commission are whether defendant is subject to the Workers' Compensation Act; whether plaintiff sustained a compensable injury to his arm and, if so, what benefits he is entitled to receive; and whether plaintiff is entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 52 years old and was a high school graduate. Plaintiff has work experience in construction, cotton mills and general labor.
2. In November 2004, plaintiff began working for defendant washing and sweeping floors and emptying trash cans. Defendant Mike Phillips operates a car wash under the name "Men at Work Car Care Center" in downtown Raleigh. Plaintiff testified that he worked for defendant approximately ten hours per day Monday through Saturday, earned $150.00 per week, and was paid once per week on Saturday evenings. Plaintiff was paid in cash and has no pay stubs. Plaintiff testified that he received advances on his pay in the amount of $5.00 or $10.00, and that amount would be deducted from his pay. Plaintiff testified that he worked with three or four other employees, who performed the same job duties, but he could not recall their names.
3. On February 19, 2005, plaintiff slipped and fell on water on the floor in the bay while he was washing a car. Plaintiff landed on his outstretched right hand, causing injury to his arm and wrist. Mike Phillips took plaintiff to the emergency room at WakeMed. Plaintiff testified that Mr. Phillips gave him $100.00 when he dropped him off at the emergency room. *Page 4 
Plaintiff did not work for defendant after February 19, 2005; however, he testified that several days later he went to defendant's premises and Mr. Phillips gave him an additional $20.00.
4. At Wake Med, plaintiff was diagnosed with a right distal radius fracture. He was released with a splint and instructions to follow up in three to five days with Wake Orthopaedics; however, plaintiff continued to have pain and returned to the WakeMed emergency room on February 25, 2005.
5. On March 10, 2005, plaintiff underwent surgery for an open reduction and internal fixation of his fracture with a distal radius plate. Plaintiff was placed in a soft cast and was prescribed physical therapy. After April 22, 2005, plaintiff discontinued physical therapy because he felt his wrist had healed. Plaintiff was released to return to work on April 22, 2005.
6. As a result of plaintiff's fall at work and resulting fracture of his distal radius, plaintiff was totally disabled from February 19, 2005 through April 22, 2005 and has sustained a ten percent partial impairment to his right arm.
7. Previously, plaintiff worked for Roy Smith as a day laborer, unloading trucks. Mr. Smith testified that he saw plaintiff washing cars at defendant's premises three or four times from November 2004 until February 19, 2005 and that when he was at defendant's premises, he saw on average three or four people washing cars. Mr. Smith has no knowledge of the employment relationship between defendant and plaintiff or the other workers.
8. At the Deputy Commissioner's hearing, Mr. Phillips testified that his business is a sole proprietorship and that he uses "independent contractors" who act as day laborers. Mr. Phillips pays his workers daily in cash and does not keep any payroll records. He testified that he has never paid anyone $150.00 per week as wages. Mr. Phillips stated that he does not have "employees," and although he does have certain men who have worked with him over time, they *Page 5 
do not work regularly. He does "tell them what to do," like washing a car or cleaning up the shop, and he also provides the equipment and supplies they need to perform the work. Mr. Phillips also instructs the workers how to wash a car if they are not doing it how he wanted. On cross-examination, Mr. Phillips admitted that Vermont Hinton worked for him several times per week, off and on for six years and that Greg Applewhite also worked for him, on and off for "years." On a rainy day, Mr. Phillips testified that he would have five or six guys come to his premises and he would pay them for any work they performed while they were there, but that usually there were two or three men who wanted to work on any given day.
9. At the Deputy Commissioner's hearing, Mr. Phillips initially testified that plaintiff never worked for him. Mr. Phillips later stated that he did "have him help out a little bit, clean up, but Al was never an employee of Men At Work." Mr. Phillips then acknowledged that plaintiff did wash a car a couple of times; however, plaintiff smelled of alcohol and so Mr. Phillips did not have him continue washing cars. He testified that plaintiff never moved cars because he was not qualified to drive and that plaintiff did not work Monday through Saturday for ten hours each day beginning in November 2004. He testified that he paid plaintiff daily for work performed and that plaintiff worked only a couple of times out of the week. Later, Mr. Phillips testified that plaintiff came by and worked for him approximately five times from November 2004 until February 19, 2005.
10. On February 19, 2005, Mr. Phillips testified that plaintiff was not working, but that he was at defendant's premises. He did give plaintiff a ride to the hospital because plaintiff was not feeling well, but testified that he did not give plaintiff $100.00 once they reached Wake Med. *Page 6 
11. Mr. Phillips was questioned about the news articles attached to Stipulated Exhibit 1, regarding the number of defendant's employees. Mr. Phillips testified that when the article stated, "Phillips' crew includes three full-time and four part-time employees," he was "dressing up the story" for the media. When asked by the Deputy Commissioner if he was "dressing up the story" for the Commission, Mr. Phillips stated that he was telling the truth at the hearing. Furthermore, Mr. Phillips testified that in 18 years of business, he never carried workers' compensation insurance. As a result of the inconsistencies in his testimony, the Full Commission does not find Mr. Phillips to be credible.
12. There are no Employment Security Commission records or any other evidence to show with specificity the number of days defendant had three or more employees and failed to have workers' compensation insurance.
13. The Full Commission finds that the greater weight of the evidence shows that defendant was a North Carolina sole proprietorship doing business as a car wash and detail shop. Defendant was under the complete control of Mr. Phillips, who was the sole owner.
14. The Full Commission also finds that defendant had three or more employees beginning in 1988 through March 22, 2006 and failed to purchase workers' compensation insurance as required by N.C. Gen. Stat. § 97-93. On February 19, 2005, an employment relationship existed between plaintiff and defendant and defendant employed three or more employees at the time of plaintiff's injury by accident on February 19, 2005. Thus, the parties are subject to and bound by the provisions of the Workers' Compensation Act.
15. Mr. Phillips testified that he did not have any wage information for his employees and he maintained no employment records. Defendant did not submit a Form 22 or any wage *Page 7 
information regarding wages paid to plaintiff. The Commission finds that plaintiff's average weekly wage is $150.00, which yields a compensation rate of $100.00.
16. Plaintiff incurred $4,496.46 in medical expenses related to his February 19, 2005 injury by accident including, but not limited to, treatment at WakeMed, Wake Radiology Consultants, Critical Health Systems, WakeMed Faculty Physicians, and Wake Emergency Physicians.
17. The defense of this claim was reasonable and not stubborn, unfounded litigiousness and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant regularly employed three or more workers and is subject to the Act. N.C. Gen. Stat. § 97-2(1). Additionally, under N.C. Gen. Stat. § 97-2(2), the term "employee" excludes persons "whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer" (emphasis added). In Shoup v. AmericanTrust Company, 245 N.C. 682, 97 S.E.2d 111 (1957), the Supreme Court stated,
 Even though an employment is not continuous, but only for the performance of occasional jobs, it is not to be considered as casual if the need for the work recurs with a fair degree of frequency and regularity, and, it being thus anticipated, there is an understanding that the employee is to perform such work as the necessity for it may from time to time arise.
 Id. at 686, 97 S.E.2d at 114. *Page 8 
The Supreme Court in Shoup quoted Johnson v. Hosiery Co., 199 N.C. 38,41, 153 S.E.2d 591, 593, as to the determination of what is and what is not casual employment:
 `The test is the nature of the employment and not the nature of the contract. An employment cannot be said to be casual where it is in the usual course of the trade, business, or occupation of the employer. But it is casual when not permanent nor periodically regular, but occasional, or by chance, and not in the usual course of the employer's trade or business.'
Shoup v. American Trust Company, supra at 686, 97 S.E.2d at 114.
2. In the present case, although the work plaintiff performed for defendant was sporadic and occasional, the work was in the usual course of defendant's trade, business, profession, or occupation. Shoup v.American Trust Company, supra; Johnson v. Hosiery Company,supra. Plaintiff and his co-workers were not independent contractors of defendant. McCown v. Hines, 353 N.C. 683, 549 S.E.2d 175 (2001). Thus, plaintiff was a regular employee of defendant within the meaning of the North Carolina Workers' Compensation Act and defendant employed three or more employees at the time of plaintiff's injury by accident on February 19, 2005. Therefore, defendant is subject to and bound by the provisions of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(2).
3. Plaintiff's February 19, 2005 injury by accident arose out of and in the course of his employment with defendant. N.C. Gen. Stat. §97-2(6).
4. Plaintiff's average weekly wage is $150.00, which yields a weekly compensation rate of $100.00. N.C. Gen. Stat. § 97-2(5).
5. As a result of plaintiff's compensable injury by accident of February 19, 2005, plaintiff was totally disabled from February 19, 2005 through April 22, 2005 and is entitled to temporary total disability compensation at the rate of $100.00 per week for this period. N.C. Gen. Stat. § 97-29. *Page 9 
6. Plaintiff's medical treatment for his injury was reasonably required to effect a cure or give relief and lessened the period of disability. Plaintiff is entitled to have defendant pay for all medical treatment causally related to his injury by accident. N.C. Gen. Stat. §§ 97-25, 97-25.1.
7. As a result of his injury by accident on February 19, 2005, plaintiff sustained permanent injuries to his arm. Plaintiff is entitled to have defendant pay for his 10% permanent partial impairment rating to his arm. N.C. Gen. Stat. § 97-31(13).
8. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of $1.00 for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b). Mike Phillips, as the sole proprietor of Men At Work Car Care, did not have a valid policy of workers' compensation insurance in effect on February 19, 2005. As such, a penalty of $50.00 per day is assessed against defendant for failing to secure workers' compensation insurance on February 19, 2005. N.C. Gen. Stat. § 97-94(b).
10. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance, shall be guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to 100% of the amount of any compensation due the employers' employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d). Therefore, an additional *Page 10 
penalty is assessed against defendant Mike Phillips for failing to comply with N.C. Gen. Stat. § 97-93.
11. Defendant did not defend this action without reasonable grounds and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ************
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee awarded below, defendant shall pay plaintiff temporary total disability benefits for his compensable injury by accident from February 19, 2005 through April 22, 2005, at the rate of $100.00 per week. All benefits are now due and shall be paid in a lump sum of $900.00.
2. Defendant shall pay plaintiff permanent partial disability compensation for the ten percent impairment to the arm at the rate of $100.00 per week for 24 weeks. All benefits are now due and shall be paid in a lump sum of $2,400.00.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of the compensable injury on February 19, 2005. The total amount of medical expenses is $4,496.46.
4. A reasonable attorney's fee in the amount of 25% of the compensation awarded plaintiff in paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the amount due plaintiff and paid directly to plaintiff's counsel.
5. Plaintiff's counsel shall send a copy of this Opinion and Award to all of the healthcare providers in this matter who have not been paid for services provided to plaintiff *Page 11 
related to his compensable injury. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from plaintiff. The healthcare providers shall direct their collection efforts at defendant Mike Phillips d/b/a Men At Work Car Care Center, whose address based on information in the Industrial Commission file appears to be 3209 Tradewind Court, Raleigh, N.C. 27610. Failure to comply with this Order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this Order.
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of $50.00 per day is assessed against defendant for failing to secure workers' compensation insurance on February 19, 2005. A check in the amount of $50.00 shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
7. Pursuant to N.C. Gen. Stat. § 97-94(d), an additional penalty of any amount of 100% of the amount of the compensation due to plaintiff in this matter is assessed against defendant Mike Phillips for failing to comply with N.C. Gen. Stat. § 97-93. A check in the amount of $7,796.46 (TTD-$900.00 + PPD-$2,400.00 + Meds-$4,496.46) shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
8. Defendant shall pay the costs.
This 30th day of January 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1